FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

2015 MAR 17 AM 10: 00

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

JOSEPH IOIME, on behalf of himself
and all others similarly situated,

Case No.: 5:15-cv-130-Oc-30 PRL

           Plaintiff,

v.

**JURY TRIAL DEMANDED**
**INJUNCTIVE RELIEF SOUGHT**

BLANCHARD, MERRIAM, ADEL &
KIRKLAND, P.A., a Florida Corporation,
And OCALA PALMS OPERATIONS, LLC,
a Florida Company,

           Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff, JOSEPH IOIME, by and through his undersigned attorneys, files this action

against the Defendants, BLANCHARD, MERRIAM, ADEL & KIRKLAND, P.A. ("BMAK

LAW FIRM"), and OCALA PALMS OPERATIONS, LLC ("OCALA PALMS"), (collectively

"Defendants"), and alleges:

**I.     INTRODUCTION**

1.     This is a class action brought under the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692 *et seq*, and the Florida Consumer Collection Practices Act

("FCCPA"), Fla. Stat. § 559.55, *et seq*.

2.     This action arises out of the illegal manner in which Defendants attempt to collect

consumer debts.  Defendants' standardized form Letters and Notices unlawfully threaten and

circumvent the protections given to consumers by requiring consumers to dispute the validity of

their debts in writing and by threatening to take legal action that they do not actually intend to

take, and therefore violate the FDCPA and FCCPA.  Plaintiff, like many other consumers who

have been the recipient of Defendants' unlawful debt collection activities, is a senior citizen

living in an age restricted adult community.   To make matters worse, Defendants' unlawful conduct includes threats to Plaintiff's home by way of lien.

## II.    JURISDICTION AND VENUE

3.       This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4.       Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to the Plaintiff's action occurred in this State and this district, where the Plaintiff resides in this State and this district, and where the Defendants transact business in this State and this district.

## III.   PARTIES

5.       Plaintiff, JOSEPH IOIME ("Plaintiff or MR IOIME"), is a natural person who resides in Marion County, Florida.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2).

6.       Defendant BLANCHARD, MERRIAM, ADEL & KIRKLAND, P.A. ("BMAK LAW FIRM"), is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and a "person" as referred to in Fla. Stat. § 559.72, and has a principal address of has a principal address of 4 S.E. Broadway Street, Ocala, Florida 34471.  BMAK LAW FIRM's correspondence to Plaintiff and the Class(es) expressly state: "THIS IS A COMMUNICATION FROM A DEBT COLLECTOR."

7.       Defendant Ocala Palms Operations, LLC, is a "person" as referred to in Fla. Stat. § 559.72, and has a principal address of 5930 NW 18th Place, Ocala, Florida 34482. OCALA PALMS bills and collects homeowner assessments and is engaged in the business of collecting on such debts in default for creditors or holders of the notes.

26

## IV.    FACTUAL ALLEGATIONS

8.     Mr. Ioime allegedly incurred a "consumer debt" to OCALA PALMS as that term is defined under 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).  The debt was for allegedly delinquent homeowners assessments in connection with his primary residence.

9.     Upon information and belief, developers and homeowners' associations such as OCALA PALMS regularly employ BMAK LAW FIRM to collect delinquent debts, and BMAK LAW FIRM holds itself out to be a "debt collector."

10.     On or about December 12, 2014, Defendants sent Plaintiff the collection letter (herein referred to as "December 12, 2014 Letter" or "Letter") attached as Exhibit "A," which allegedly seeks to collect a consumer debt incurred for personal, family or household use. Plaintiff received this letter the week after it was mailed.

11.     Exhibit "A" appears to be a form letter, generated by a computer.

12.     On information and belief, Exhibit "A" is a form letter used by BMAK LAW FIRM as its initial demand letter issued to debtors it has been retained to collect from.

13.     The pertinent parts of Exhibit "A" provide:

We represent Ocala Palms Operations, LLC (hereafter "Ocala Palms") relative to the outstanding unpaid assessments for the above-referenced property.
...
This is Ocala Palms' written notice or demand for past due assessments, as well as any other amounts owed to Ocala Palms pursuant to its governing documents, and of Ocala Palms' intent to file a Claim of Lien against your parcel if the outstanding past due assessments are not paid within forty-five (45) days following the date this notice is deposited in the mail.  If not paid, assessments, and other charges will continue to accrue, and should additional legal action become necessary in this matter, you may be held responsible for all attorney's fees and costs incurred, in addition to those set forth below.

| | |
|---|---|
| *Assessments and Other Charges (may not be exact amount) | $1,331.57 |
| Attorney's Fees and costs (may not be exact amount) | $500.00 |
| **TOTAL DUE** | **$1,831.57** |

27

Exhibit A.

14.     Defendants' December 12, 2014 Letter also states that "[t]his is an attempt to collect a debt…THIS IS A COMMUNICATION FROM A DEBT COLLECTOR."

15.     Plaintiff's debt was allegedly delinquent, in default, or considered to be in default, at the time BMAK LAW FIRM was assigned to collect the debt.

16.     Defendants' December 12, 2014 Letter was accompanied by a standardized, one-page, un-dated Notice titled "Notice Under The Fair Debt Collection Practices Act" (hereinafter "Notice", attached as Exhibit "B"). Upon information and belief, the Notice is a standardized form Notice accompanying all initial communications between BMAK LAW FIRM and the debtors it seeks to collect debts from.

17.     The pertinent parts of the Notice (Exhibit "B") provides:

## NOTICE UNDER THE FAIR DEBT COLLECTION
## PRACTICES ACT (The Act)
### 15 U.S.C. 1601, et seq., As Amended

As of December 1, 2014, you owe the total amount of $1,331.57, as set forth in the document to which this Notice is attached.

The name of the Creditor is:  Ocala Palms Operations, LLC.

The debt described in the document attached to this Notice will be assumed to be valid by the creditor's law firm **unless the debtor or the debtor's attorney, within thirty (30) days of receipt of this notice, disputes, in writing**, the validity of the debt or any portion thereof.

                                              …

**Written requests required by the Act should be addressed to:  BRADFORD J. TROPELLO, ESQUIRE,** of the law firm of Blanchard, Merriam, Adel & Kirkland, P.A., Post Office Box 1869, Ocala, Florida 34478.

Exhibit B (emphasis added).

18.     The December 12, 2014 Letter and corresponding Notice contain numerous FDCPA and FCCPA violations.

19.     For instance, 15 U.S.C. § 1692g(a)(3) sets forth no limitation as to the manner in which a consumer can dispute the validity of the debt.

20.     However, in its Notice, BMAK LAW FIRM states that in order to dispute the validity of the debt, Plaintiff must notify BMAK LAW FIRM "in writing." The Notice does not allow for any other methods of communication, such as a phone call, email or facsimile from the consumer to dispute the validity of the debt. By requiring debtors to dispute the validity of their debts "in writing," BMAK LAW FIRM has unlawfully attempted to curtail some of the debtors' rights, including those that are triggered when a consumer disputes the debt through oral statement.

21.     Every district court in this Circuit to have ruled on this issue has sided with the Ninth Circuit's reasoning in Camacho v. Bridgeport Financial, Inc., 430 F.3d 1078 (9th Cir.2005), which held that the plain language of § 1692g(a)(3) does not require a dispute to be in writing. See Baez v. Wagner & Hunt, P.A., 442 F.Supp.2d 1273 (S.D. Fla. 2006); Guerrero v. Absolute Collection Serv., Inc., 2011 WL 8183860 at *3-4 (N.D. Ga. Oct. 6, 2011); In re Turner, 436 B.R. 153, 157-58 (M.D. Ala. 2010).

22.     BMAK LAW FIRM also violates the FDCPA by:

a.      Routinely sending collection letters similar to the December 12, 2014 Letter that threatens the filing of a Claim of Lien on a debtor's home within 45 days, despite not intending to do so within the specific time period stated. Upon information and belief and research by Plaintiff's counsel, BMAK LAW FIRM routinely makes this identical statement to debtors in the state of Florida but does not file a Claim of Lien within 45 days, as described in their collection letters. Instead, BMAK LAW FIRM relies on such letters to mislead and threaten

29

consumers, and convey a "false sense of urgency." Therefore, by its own conduct, practices and procedures, BMAK LAW FIRM had knowledge that it did not intend to take the action threatened in its Letter sent to Mr. Ioime, and all similar collection letters. (§§ 1692e, e(5), and e(10)); and,

b.      Routinely sending collection communications (the December 12, 2014 Letter and Notice) that include conflicting amounts due, i.e. the Letter stated $1,831.57, while the Notice stated $1,331.57, which is deceptive, misleading and confusing to the least sophisticated consumer. Upon information and belief, the Notice (Exhibit "B") always accompanies BMAK LAW FIRM's collection letters similar to the December 12, 2014 Letter (Exhibit A), and uniformly contains amounts less than the inflated amounts purportedly due in the attached Letter (§§ 1692e, e(2)(A), and e(10)).

23.     BMAK LAW FIRM further violated the FDCPA as to Mr. Ioime by attempting to collect $550 in "Processing Fees" which are not authorized by the Declaration of Ocala Palms, filed and recorded in the Marion County Property Records at Book 1980, Page 1417, and all amendments made thereto (for brevity reasons, the Declaration and Amendments are incorporated by reference) (§§ 1692e, e(2)(A), e(10), 1692f, and f(1)).

24.     BMAK LAW FIRM uniformly violates the FCCPA by asserting in its Notices that it has the legal right to require debtors to dispute the validity of their debt "in writing," despite the fact that this right does not exist and BMAK LAW FIRM knows it does not exist in violation of §559.72(9). This conduct can also reasonably be expected to abuse or harass debtors within the State of Florida in violation of §559.72(7).

30

25.     Both Defendants violate the FCCPA by routinely sending collection letters to Ocala Palms homeowners materially identical or substantially similar to the December 12, 2014 Letter which threaten to file Claims of Lien on Plaintiff's home within 45 days, despite not intending to do so in the time period stated.   Upon information and belief and research by Plaintiff's counsel, Defendants routinely make this identical statement to Ocala Palms homeowners but do not file a Claim of Lien within 45 days, as described in their collection letters.  Instead, Defendants rely on such letters to mislead and threaten homeowners, and convey a "false sense of urgency."   This willful conduct on part of Defendants can reasonably be expected to abuse or harass debtors within the State of Florida.  (§559.72(7))

26.     Defendants further violated the FCCPA as to Mr. Ioime by (a) attempting to collect $550 in "Processing Fees" which are not authorized to be charged by the Declaration of Ocala Palms and all amendments made thereto in violation of §559.72(7) and (9).

27.     Plaintiff has retained the undersigned counsel and is obligated to pay reasonable attorney's fees for services rendered.

## V.     CLASS ACTION ALLEGATIONS

28.     Pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), Plaintiff brings this action for himself and on behalf of all other persons similarly situated.

29.     The Classes are defined as:

> **NOTICE CLASS (Counts I and III):**  All consumers located in Florida who were sent a Notice from BMAK LAW FIRM in connection with an attempt to collect a consumer debt, where the Notice was substantially similar or materially identical to the Notice delivered to Plaintiff (Exhibit B), within the applicable limitations period.
>
> **LETTER CLASS (Count II):**  All consumers located in Florida who received a Letter from BMAK LAW FIRM in connection with an attempt to collect a consumer debt, where the Letter was

substantially similar or materially identical to the Letter delivered to Plaintiff (Exhibit A), within the applicable limitations period.

**LIEN LETTER SUBCLASS (Count IV):** All consumer Ocala Palms Community property owners who received a letter from Defendants in connection with an attempt to collect any consumer debt, where the letter was substantially similar or materially identical to the Letter delivered to Plaintiff (Exhibit A), within the applicable limitations period.

30.     The Class Period for purposes of Counts I and II is one year prior to the filing of this Complaint, through the date notice of class certification is issued to the Class.

31.     The Class Period for purposes of Count III and IV is two years prior to the filing of this Complaint, through the date notice of class certification is issued to the Class.

32.     Plaintiff is unable to state the exact number of members of the Plaintiff Class(es) because that information is solely in the possession of Defendants. However, the exact number of class members, including the names and addresses of all class members, will be easily ascertained through a review of Defendants' business records. Upon information and belief, Plaintiff believes that the putative class(es) exceed several hundred consumers and is therefore so numerous that joinder of all members would be impracticable.

33.     Questions of law and fact common to the Plaintiff Class(es) exist and predominate over questions affecting only individual members, including, *inter alia*, the following:

(a)     Whether BMAK LAW FIRM violated 15 U.S.C. § 1692g(a) by sending out Notices to Plaintiff and the Class that required the consumer to dispute the validity of the debt in writing;

(b)     Whether BMAK LAW FIRM violated 15 U.S.C. §§ 1692e, e(5), and e(10) by sending Letters to Plaintiff and the Class that threaten to file a Claim of Lien on real property "within 45 days" despite not intending to do so in the time period stated, and by conveying a "false sense of urgency,";

32

(c)     Whether BMAK LAW FIRM violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) sending collection communications that included conflicting and confusing amounts purportedly due;

(d)     Whether BMAK LAW FIRM violated Fla. Stat. § 559.72(7) and (9) by asserting that it had the legal right to require debtors to dispute the validity of their debt "in writing," despite the fact that such right does not exist;

(e)     Whether Defendants violated Fla. Stat. § 559.72(7) by routinely sending collection letters which threaten the filing of a lien on a debtor's home within 45 days despite not intending to do so in the time period stated, and by conveying a "false sense of urgency" in order to abuse or harass the debtor; and

(f)     Whether Plaintiff and the Class(es) are entitled to declaratory and injunctive relief under the FCCPA, specifically whether they are entitled to a permanent injunction prohibiting Defendants from further violations of the FCCPA.

34.     The claims asserted by the named Plaintiff in this action are typical of the claims of the members of the Plaintiff Class(es) as defined above because, upon information and belief, Defendants use form letters and notices that are routinely sent to consumers. The claims of the Plaintiff and of the Plaintiff Class(es) originate from the same conduct, practice, and procedure, on the part of Defendants. Plaintiff possesses the same interests and has suffered the same injuries as each Class member. There are no individual facts which distinguish the Plaintiff from other Class members that received debt collection Letters and Notices from Defendants.

35.     The named Plaintiff will fairly and adequately represent and protect the interest of the members of the Plaintiff Class(es) because he has no interest antagonistic to the class he

seeks to represent, and because the adjudication of his claims will necessarily decide the identical issues for other class members. Whether the Defendants' debt collection letters and notices sent to Plaintiff violate the FDCPA and FCCPA is an issue that will be decided for all other consumers with identical letters and notices. There is nothing peculiar about the Plaintiff's situation that would make him inadequate as class representative. Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

36.     A class action is superior to other methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual Class member will be relatively modest, compared to the expense and burden of individual litigation. It would be impracticable for each Class member to seek redress individually for the wrongful conduct alleged herein because the cost of such individual litigation would be cost prohibitive as individual statutory damages are capped at $1,000.00. It would be difficult, if not impossible, to obtain counsel to represent Plaintiff on an individual basis for such small claims.   More importantly, the vast majority of Class members are not aware that the debt collection letters and notices used by Defendants violate the FDCPA and FCCPA, and a class action is the only viable means of adjudicating their individual rights. There will be no difficulty in the management of this litigation as a class action as the legal issues affect a standardized pattern of conduct by Defendants and class actions are commonly used in such circumstances.

37.     Defendants also acted and refused to act on grounds generally applicable to the class, thereby making appropriate declaratory relief and corresponding final injunctive relief with respect to the Class as a whole. Defendants should be enjoined from sending out collection letters and notices that violate the FCCPA, such as the ones it sent to Plaintiff.

34

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT § 1692g(a)
### (Class Claim Against BMAK LAW FIRM for "Notice" Violation)

38.     Plaintiff, on behalf of himself and all others similarly situated, repeats and re-alleges each and every allegation contained in paragraphs 1 through 37 above as if fully set forth herein.

39.     This is an action seeking class-wide relief for violations of the FDCPA.

40.     The FDCPA was enacted to protect all consumers from debt collectors who seek to collect debts through illegal means and who engage in unfair and/or deceptive practices during the collection of a debt.

41.     At all material times herein, Plaintiff and Class members were "consumers" as defined by 15 U.S.C. § 1692a(3), since they are natural persons allegedly obligated to pay a consumer debt.

42.     At all material times herein, Plaintiff's debt and the debts of the Class members were "debts" as defined by § 1692a(5). See Malowney v. Bush/Ross, 2009 WL 3806161 (M.D. Fla. Nov. 12, 2009) (holding that homeowners assessments are debts under the FDCPA and FCCPA).

43.     At all material times herein, BMAK LAW FIRM was a "debt collector" as defined by § 1692a(6), since it is engaged in the business of regularly collecting on debts in default for creditors such as developers and property owners associations. BMAK LAW FIRM's standardized letters include a statement that "THIS IS A COMMUNICATION FROM A DEBT COLLECTOR."

44.     BMAK LAW FIRM sent Plaintiff and all Class members a similar, if not identical, Notice.

35

45.    The FDCPA, section 1692g(a) provides in pertinent part:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

15 U.S.C. § 1692g(a).

46.    In relevant part, the Notice sent by BMAK LAW FIRM to Plaintiff and the Class reads:

The debt described in the document attached to this Notice will be assumed to be valid by the creditor's law firm **unless the debtor or the debtor's attorney, within thirty (30) days of receipt of this notice, disputes, <u>in writing</u>**, the validity of the debt or any portion thereof.

(Exhibit "B")(emphasis added).

47.    The Notice states that disputes must be <u>in writing</u>.  Exhibit "B".

48.    There is no language contained in subsection § 1692g(a)(3) which indicates that disputes must be made in writing, and the plain meaning is neither absurd in its results nor contrary to legislative intent.  Thus, there is no writing requirement implicit in § 1692g(a)(3).  The Notice sent by BMAK LAW FIRM to Plaintiff and the Class violates § 1692g insofar as it states that disputes have to be made in writing.

49.    The right to dispute a debt orally is important because oral dispute of a debt is the simplest form and doing so precludes the debt collector from communicating the debtor's credit information to others without also including the fact that the debt is "in dispute."  15 U.S.C. § 1692e(8).

36

50.     District courts within the Eleventh Circuit have held that a debt collector's addition of the words "in writing" to subsection (a)(3) violate § 1692g. See e.g. Baez v. Wagner & Hunt, P.A., 442 F.Supp.2d 1273, 1276–77 (S.D. Fla. 2006) (Judge Cohn held that by requiring debtors to dispute debts in writing, the debt collector curtailed some of the debtor's rights that were triggered under the statute by oral disputes).

51.     BMAK LAW FIRM violated 15 U.S.C. § 1692g(a) by mailing, or causing to be mailed to Plaintiff and the Class, the Notice which states that disputes must be made in writing.

52.     For purposes of the claims brought in this action, the applicable standard under the FDCPA is "the least sophisticated" consumer test. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1172-75 (11th Cir. 1985).

53.     As a direct and proximate result of BMAK LAW FIRM's violations, Plaintiff and Class members have been harmed.  Plaintiff and Class members are entitled to statutory damages under 15 U.S.C. § 1692k(a)(2)(B) and attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

54.     Plaintiff has retained the undersigned attorneys for the purposes of pursuing this matter against BMAK LAW FIRM and is obligated to pay his attorneys a reasonable fee for services.

### COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
### (Class Claim Against BMAK LAW FIRM for Letter Violation)

55.     Plaintiff, on behalf of himself and all others similarly situated, repeats and re-alleges each and every allegation contained in paragraphs 1 through 37 above as if fully set forth herein.

56.     This is an action seeking class-wide relief for violations of the FDCPA.

37

57.     The FDCPA was enacted to protect all consumers from debt collectors who seek to collect debts through illegal means and who engage in unfair and/or deceptive practices during the collection of a debt.

58.     At all material times herein, Plaintiff and Class members were "consumers" as defined by 15 U.S.C. § 1692a(3), since they are natural persons allegedly obligated to pay a consumer debt.

59.     At all material times herein, Plaintiff's debt and the debts of the Class members were "debts" as defined by § 1692a(5). See <u>Malowney v. Bush/Ross</u>, 2009 WL 3806161 (M.D. Fla. Nov. 12, 2009) (holding that homeowners assessments are debts under the FDCPA and FCCPA).

60.     At all material times herein, BMAK LAW FIRM was a "debt collector" as defined by § 1692a(6), since it is engaged in the business of regularly collecting on debts in default for creditors such as developers and associations.  BMAK LAW FIRM's standardized letters include a statement that "THIS IS A COMMUNICATION FROM A DEBT COLLECTOR."

61.     BMAK sent Plaintiff and all Class members a similar, if not identical Letter.

62.     The FDCPA section 1692e states in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of –

(A) the character, amount, or legal status of any debt

. . .

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

. . .

38

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

63.    In relevant part, the December 12, 2014 Letter reads:

We represent Ocala Palms Operations, LLC (hereafter "Ocala Palms") relative to the outstanding unpaid assessments for the above-referenced property.

...

This is Ocala Palms' written notice or demand for past due assessments, as well as any other amounts owed to Ocala Palms pursuant to its governing documents, and of **Ocala Palms' intent to file a Claim of Lien against your parcel if the outstanding past due assessments are not paid within forty-five (45) days following the date this notice is deposited in the mail.** If not paid, assessments, and other charges will continue to accrue, and should **additional legal action** become necessary in this matter, you may be held responsible for all attorney's fees and costs incurred, in addition to those set forth below.

(Exhibit "A") (emphasis added).

64.    The December 12, 2014 Letter expressly states that a Claim of Lien will be filed against the Plaintiff's home within 45 days if the amount presented in the Letter is not paid. The Letter implies that legal action is imminent in 45 days, and refers that BMAK LAW FIRM may pursue "additional legal action" in conjunction with placing a lien on the property.

65.    Upon information and belief and research by Plaintiff's counsel, BMAK LAW FIRM routinely makes this identical statement to debtors in the state of Florida but does not file a Claim of Lien within 45 days, as described in their collection letters. Instead, BMAK LAW FIRM relies on such letters to mislead, threaten and scare consumers into paying amounts (whether lawful or unlawful), by threatening legal action against their home that it does not intend to take during the time period stated in its Letters. This conveys a "false sense of urgency" to the consumer, and constitutes an unlawful threat under the FDCPA. Moreover, due

to standard practices and procedures, BMAK LAW FIRM had knowledge that it did not intend to take the action threatened in its Letter sent to Mr. Ioime, and all similar collection letters.

66.     By falsely threatening legal action it does not intend to take during the time period stated in its Debt Collection Letters, BMAK LAW FIRM has violated 15 U.S.C. § 1692e, which prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt."

67.     In addition, BMAK LAW FIRM's conduct violates 15 U.S.C. § 1692e(5), which prohibits threats from debt collectors of any action that "is not intended to be taken," and 15 U.S.C. § 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

68.     BMAK LAW FIRM also violates § 1692e, e(2)(A) and e(10) by sending collection communications (Debt collection Letters and Notices) that include conflicting amounts due. For example, the Letter stated that Plaintiff purportedly owed $1,831.57, while the Notice stated that Plaintiff purportedly owed only $1,331.57. Consumers can only owe one amount and the insertion of two amounts necessarily means that one amount is false.

69.     Upon information and belief, the standard form Notice (Exhibit "B") always accompanies BMAK LAW FIRM's collection letters similar to the December 12, 2014 Letter, and uniformly contains amounts different than the inflated amounts purportedly due in the attached Letters. This conduct is deceptive, misleading and confusing to the least sophisticated consumer.

70.     For purposes of the claims brought in this action, the applicable standard under the FDCPA is "the least sophisticated" consumer test. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1172-75 (11th Cir. 1985).

71.     As a direct and proximate result of BMAK LAW FIRM's violations, Plaintiff and Class members have been harmed.  Plaintiff and Class members are entitled to actual and statutory damages under 15 U.S.C. § 1692k(a)(2)(B) and attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

72.     Plaintiff has retained the undersigned attorneys for the purposes of pursuing this matter against BMAK LAW FIRM and is obligated to pay his attorneys a reasonable fee for services.

### COUNT III:  VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT ("FCCPA")
### (Class Claim Against BMAK LAW FIRM)

73.     Plaintiff, on behalf of himself and all others similarly situated, repeats and re-alleges each and every allegation contained in paragraphs 1 through 37 above as if fully set forth herein.

74.     "The Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Co. of Jacksonville, 338 So. 2d 196, 200-01 (Fla. 1976).

75.     At all times material herein, Plaintiff and the Class members were "debtors" as defined by Fla. Stat. § 559.55(2).

76.     At all times material herein, Plaintiff's debt and the debt of the Class members were "debts" or "consumer debts" as defined by Fla. Stat. § 559.55(1).

77.     At all times material herein, BMAK LAW FIRM was a "person" as referred to under Fla. Stat. § 559.72.

78.     The FCCPA uses the same definitions as the Fair Debt Collection Practices Act (FDCPA) for "consumer", "debt collector", and "debt or consumer debt". Fla. Stat. §§ 559.55(1),

41

(2), and (6). The FCCPA expressly recognizes its interplay with the FDCPA, stating that "[t]his part is in addition to the requirements and regulations of the federal act", and directs that "[i]n the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." Fla. Stat. §559.552. The FCCPA reaches further than the FDCPA in that the FCCPA's list of prohibited actions applies not just to debt collectors but to any person collecting consumer debts. Fla. Stat. §§559.72 and 559.77

79.     Among the FCCPA's enumerated prohibitions, the relevant parts are as follows:

Prohibited practices generally. In collecting consumer debts, no person shall:

(7) "... willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. § 559.72(7) and (9).

80.     BMAK LAW FIRM sent Plaintiff and Class members a similar, if not identical Notice.

81.     The Notice stated that BMAK LAW FIRM has the legal right to require debtors to dispute the validity of their debt "in writing," despite the fact that this right does not exist and Defendants know it does not exist in violation of §559.72(9). This conduct can also reasonably be expected to abuse or harass debtors within the State of Florida in violation of §559.72(7).

82.     Plaintiff and Class members have the right to dispute the validity of their debts orally if they so choose, and by requiring debtors to only dispute their debts in writing, BMAK LAW FIRM has misstated the law, circumvented the rights afforded to Plaintiff and the Class, and has asserted a legal right that does not exist.

42

83.     As a direct and proximate result of BMAK LAW FIRM's FCCPA violations, Plaintiff and the Class have been harmed.  Plaintiff and the Class are entitled to statutory damages, and attorney's fees and costs pursuant to Fla. Stat. § 559.77(2).

84.     In addition, Plaintiff and the Class seek a permanent injunction prohibiting BMAK LAW FIRM from sending out collection Notices similar to Exhibit B in the manner described above.

### COUNT IV: VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT ("FCCPA")
#### (Class Claim Against Both Defendants)

85.     Plaintiff, on behalf of himself and all others similarly situated, repeats and re-alleges each and every allegation contained in paragraphs 1 through 37 above as if fully set forth herein.

86.     "The Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Co. of Jacksonville, 338 So. 2d 196, 200-01 (Fla. 1976).

87.     At all times material herein, Plaintiff and the Class members were "debtors" as defined by Fla. Stat. § 559.55(2).

88.     At all times material herein, Plaintiff's debt and the debt of the Class members were "debts" or "consumer debts" as defined by Fla. Stat. § 559.55(1).

89.     At all times material herein, Defendants were "persons" as referred to under Fla. Stat. § 559.72.

90.     The FCCPA uses the same definitions as the Fair Debt Collection Practices Act (FDCPA) for "consumer", "debt collector", and "debt or consumer debt". Fla. Stat. §§ 559.55(1), (2), and (6). The FCCPA expressly recognizes its interplay with the FDCPA, stating that "[t]his

43

part is in addition to the requirements and regulations of the federal act", and directs that "[i]n the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." Fla. Stat. §559.552. The FCCPA reaches further than the FDCPA in that the FCCPA's list of prohibited actions applies not just to debt collectors but to any person collecting consumer debts. Fla. Stat. §§559.72 and 559.77.

91.     Among the FCCPA's enumerated prohibitions, the relevant parts are as follows:

Prohibited practices generally. In collecting consumer debts, no person shall:

(7) "… willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

Fla. Stat. § 559.72(7).

92.     Defendants sent Plaintiff and Class members a similar, if not identical Letter.

93.     Courts consistently hold that collection letters sent to consumers that threaten action that the debt collector has no intention of taking violate the FCCPA.

94.     In relevant part, the Defendants' standardized collection Letter states:

This is Ocala Palms' written notice or demand for past due assessments, as well as any other amounts owed to Ocala Palms pursuant to its governing documents, and of **Ocala Palms' intent to file a Claim of Lien against your parcel if the outstanding past due assessments are not paid within forty-five (45) days following the date this notice is deposited in the mail.** If not paid, assessments, and other charges will continue to accrue, and should **additional legal action** become necessary in this matter, you may be held responsible for all attorney's fees and costs incurred, in addition to those set forth below.

Exhibit A (emphasis added).

95.     By falsely threatening legal action it does not intend to take during the time period stated in its Debt Collection Letters, Defendants have violated Fla. Stat. § 559.72(7) by "willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass."

96. Plaintiff and the Class were sent Debt Collection Letters similar to Exhibit A, and did not have a Claim of Lien placed on their home during the time period stated. The December 12, 2014 Letter expressly states that a Claim of Lien will be filed against the Plaintiff's home within 45 days if the amount presented in the Letter is not paid. The Letter implies that legal action is imminent in 45 days, and refers that Defendants may pursue "additional legal action" in conjunction with placing a lien on the property.

97. Upon information and belief and research by Plaintiff's counsel, Defendants routinely make this identical statement to debtors in the Ocala Palms community but do not file Claims of Lien within 45 days, as described in their collection letters. Instead, Defendants rely on such letters to mislead, threaten and scare consumers into paying amounts (whether lawful or unlawful), by threatening legal action against their home that it does not intend to take during the time period stated in its Letters. Moreover, due to standard practices and procedures, Defendants had knowledge that they did not intend to take the action threatened in its Letter sent to Mr. Ioime, and all similar collection letters.

98. As a direct and proximate result of Defendants' FCCPA violations, Plaintiff and the Class have been harmed. Plaintiff and the Class are entitled to actual damages, statutory damages, and attorney's fees and costs pursuant to Fla. Stat. § 559.77(2).

99. In addition, Plaintiff and the Class seek a permanent injunction prohibiting Defendants from sending out collection Letters similar to Exhibit A in the manner described above.

### COUNT V: INDIVIDUAL CLAIM FOR VIOLATION OF THE FDCPA
(Against BMAK LAW FIRM on behalf of the Named Plaintiff Only)

100. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 37 above.

45

101.    Plaintiff specifically incorporates paragraphs 41 through 44 above into this Count.

102.    BMAK LAW FIRM violated the FDCPA as to Mr. Ioime by:

a.      Attempting to collect $550 in "Processing Fees" which are not authorized to be charged by the Declaration of Ocala Palms, filed and recorded in the Marion County Property Records at Book 1980, Page 1417, and all amendments made thereto (for brevity reasons, the Declaration and Amendments are incorporated by reference), in violation of 15 U.S.C. §§ 1692e, e(2)(A), e(10), 1692f, and f(1));

b.      Attempting to collect finance charges on such unlawful "Processing Fees," and

c.      Including amounts in its December 12, 2014 Letter (Exhibit A) for Attorney's fees and costs of $500, despite the fact that such amounts were not rendered, since upon information and belief, the Letter and Notice are form documents which require little effort by BMAK LAW FIRM and therefore, $500 is not a reasonable fee for such services, in violation of 15 U.S.C. §§1692e, e(2)(A), e(2)(B), and e(10)).

103.    A copy of the Plaintiff's invoices showing the $550 Processing Fee is attached hereto as Exhibit C.

104.    As a direct and proximate result of BMAK LAW FIRM's FCCPA violations, Plaintiff has been harmed.  Plaintiff is entitled to actual damages and statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B) and attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT VI:  INDIVIDUAL CLAIM FOR VIOLATION OF THE FCCPA
### (Against Both Defendants on behalf of the Named Plaintiff Only)

105.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 37 above.

106.    Plaintiff specifically incorporates paragraphs 75 through 80 into this Count.

107.    Defendants violated the FCCPA as to Mr. Ioime by attempting to collect $550 in "Processing Fees" which are not authorized to be charged by the Declaration of Ocala Palms and all amendments made thereto in violation of §559.72(7) and (9).

108.    A copy of the Plaintiff's invoices showing the $550 Processing Fee is attached hereto as Exhibit C.

109.    As sophisticated businesses, Defendants knew that they were prohibited from charging any fees not authorized by the Declaration of Ocala Palms.

110.    Defendants have no right to charge Plaintiff an arbitrary "Processing Fee," and therefore should not be able to capitalize interest, finance charges and taxes on such amounts.

111.    As a direct and proximate result of Defendants' FCCPA violations, Plaintiff has been harmed. Plaintiff is entitled to actual damages, statutory damages, and attorney's fees and costs pursuant to Fla. Stat. § 559.77(2).

112.    In addition, Plaintiff seeks a permanent injunction prohibiting Defendants from attempting to collect "Processing Fees" in the manner described above.

## COUNT VII: INDIVIDUAL ACTION FOR BREACH OF CONTRACT
### (Against OCALA PALMS on behalf of the Named Plaintiff Only)

113.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 37 above.

114.    Under Florida law, a declaration of covenants and restrictions create binding contractual obligations on the parties to the agreement.

115.    Because of the nature of the Ocala Palms Declaration and the fact that it is public record, Plaintiff incorporates the document by reference hereto, which is filed and recorded in

the Marion County Property Records at Book 1980, Page 1417. Should the Court require Plaintiff to file or attach this rather lengthy document, Plaintiff will do so.

116.    Plaintiff performed all conditions precedent to filing this action.

117.    In July 2014, OCALA PALMS unlawfully charged sales tax on the monthly maintenance fees paid by Plaintiff.

118.    Sometime starting in November 2014, OCALA PALMS began charging Plaintiff a $550.00 "Processing Fee." See Exhibit C.

119.    The Ocala Palms Declaration contemplates payment of a maintenance fee for general operation, maintenance and management, primary costs, etc. Nowhere in the Declaration does it authorize the Declarant (OCALA PALMS) to charge homeowners sales tax on maintenance fees or a $550 undisclosed "Processing Fee."

120.    By charging Plaintiff fees not authorized by the Ocala Palms Declaration, OCALA PALMS has materially breached the contract with Plaintiff.

121.    As a result of OCALA PALMS' material breach of the Declaration, Plaintiff has been damaged by incurring unlawful fees and charges assessed by OCALA PALMS. In addition, OCALA PALMS has made threats to Plaintiff that if he does not pay these unlawful fees and charges, a lien will be place on his home. Therefore, Plaintiff is entitled to all damages as a result of OCALA PALMS' conduct described herein.

122.    Pursuant to Article XV, Section 1 of the Ocala Palms Declaration, Plaintiff is entitled to attorney's fees and costs (either directly or via Fla. Stat. § 57.105(7)) upon prevailing in the enforcement of the Declaration in this matter.

48

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter an Order:

a.   Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as class representative, and appointing the undersigned as Class Counsel;

b.   Adjudging that BMAK LAW FIRM violated the FDCPA sections enumerated above, and awarding Plaintiff and Class members actual damages and statutory damages (in the amount of $1,000.00 per class member) pursuant to 15 U.S.C. § 1692k;

c.   Adjudging that Defendants violated the FCCPA sections enumerated above, and awarding Plaintiff and Class members actual damages and statutory damages (in the amount of $1,000.00 per class member) pursuant to Fla. Stat. § 559.77(2);

d.   Permanently enjoining BMAK LAW FIRM from sending collection Notices similar to Exhibit B in the manner described in this lawsuit;

e.   Permanently enjoining Defendants from threatening Plaintiff and the Class in the manner described in this lawsuit;

f.   Awarding Plaintiff, and all those similarly situated, reasonable attorney's fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77(2);

g.   Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

h.   Awarding Plaintiff individual damages, including actual and statutory damages, and attorney's fees and costs, pursuant to the FDCPA, FCCPA, and common law breach of contract for Defendants' conduct as explained above; and

i.   Awarding such other and further relief as the Court may deem just and proper.

49

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all counts so triable.

DATED: March 13, 2015.

VARNELL & WARWICK, P.A.

By: _____

STEVEN T. SIMMONS, JR., FBN: 0091654
*ssimmons@varnellandwarwick.com (Primary)*
BRIAN W. WARWICK, FBN: 0605573
*bwarwick@varnellandwarwick.com (Primary)*
*marnst@varnellandwarwick.com (Secondary)*
JANET R. VARNELL, FBN: 0071072
*jvarnell@varnellandwarwick.com (Primary)*
*ccarter@varnellandwarwick.com (Secondary)*
P.O. Box 1870
Lady Lake, FL 32158
Telephone: (352) 753-8600
Facsimile: (352) 504-3301

*Attorneys for Plaintiff*

50

**EXHIBIT A**

Garry D. Adel *

Dock Blanchard ⟨∙†‡

Jose H. Cortes, Jr ◊

Dennis A. Fried, M.D. *

Edwin A. Green, III *

Melissa K. Hancock

R. Colt Kirkland ◄

Lauren E. Merriam, III *

Bradford J. Tropello *

Lynette Whitehurst

Stacy M. Youmans

# BLANCHARD MERRIAM
## ADEL KIRKLAND

December 12, 2014

◊ Shareholder
∙ Board Certified Civil Trial Lawyer
† Board Certified Appellate Practice
# American Board of Trial Advocates
▲ Of Counsel

***Via First Class & Certified/Return Receipt Requested Mail***
***Return Receipt No.: 7014 0150 0001 1439 3612***

Joseph L. Ioime
2538 NW 50th Avenue
Ocala, Florida 34482

        *Re:*    *Ocala Palms Operations, LLC / Ioime*
               *Property Address: 2538 NW 50th Avenue, Ocala, Florida 34482*
               *Client No.: 11610/28351*

## NOTICE OF INTENT TO FILE CLAIM OF LIEN

Attention:

    We represent Ocala Palms Operations, LLC (hereafter "Ocala Palms") relative to the outstanding unpaid assessments for the above-referenced property. As we have been retained to represent Ocala Palms, please direct all future communications regarding this matter to our attention.

    This is Ocala Palms' written notice or demand for past due assessments, as well as any other amounts owed to Ocala Palms pursuant to its governing documents, and of Ocala Palms' intent to file a Claim of Lien against your parcel if the outstanding past due assessments are not paid within forty-five (45) days following the date this notice is deposited in the mail. If not paid, assessments, and other charges will continue to accrue, and should additional legal action become necessary in this matter, you may be held responsible for all attorney's fees and costs incurred, in addition to those set forth below:

| | |
|---|---|
| *Assessments and Other Charges (may not be exact amount) | $1,331.57 |
| Attorney's Fees and costs (may not be exact amount) | $500.00 |
| **TOTAL DUE** | **$1,831.57** |

4 Southeast Broadway
P.O. Box 1869
Ocala, Florida 34478

**ASSESSMENTS ACCRUE INTEREST MONTHLY AT 18% PER ANNUM.*

ph: 352.732.7218
fax: 352.732.0017
www.bmaklaw.com

Make your check in the amount of $1,831.57 payable to Blanchard, Merriam, Adel & Kirkland, P.A. Trust Account and mail to Blanchard, Merriam, Adel & Kirkland, P.A., c/o Bradford J. Tropello, Esquire, Post Office Box 1869, Ocala, Florida 34478.

Sincerely,

*Blanchard, Merriam,*
*Adel & Kirkland, P.A.*

Bradford J. Tropello, Esquire

BJT/ma

xc: Client

*This is an attempt to collect a debt, and any information obtained will be used for that purpose. THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.*

**EXHIBIT B**

## NOTICE UNDER THE FAIR DEBT COLLECTION PRACTICES ACT (The Act)
### 15 U.S.C. 1601, et seq., As Amended

1.    As of December 1, 2014, you owe the total amount of $1,331.57, as set forth in the document to which this Notice is attached.

2.    The Name of the Creditor is: Ocala Palms Operations, LLC.

3.    The debt described in the document attached to this Notice will be assumed to be valid by the creditor's law firm unless the debtor or the debtor's attorney, within thirty (30) days of receipt of this notice, disputes, in writing, the validity of the debt or any portion thereof.

4.    If the debtor or the debtor's attorney notifies the creditor's law firm in writing within thirty (30) days from receipt of this notice that the debt, or any portion thereof, is disputed, the creditor's law firm will obtain verification of the debt, or a copy of the judgment against the debtor and a copy of such verification or judgment will be mailed to the debtor or the debtor's attorney by creditor's law firm.  Collection efforts, perhaps resulting in additional attorney fees and costs may continue during this 30 day period unless the creditor's law firm receives the written request for verification.

5.    The name of the creditor is set forth in this Notice and the document to which this Notice is attached.  If the creditor named is not the original creditor, and if the debtor or the debtor's attorney makes a written request to the creditor's law firm within thirty (30) days of receipt of this notice, the name and address of the original creditor will be mailed to the debtor or debtor's attorney by the creditor's law firm.

6.    The Act does not require the creditor's law firm to wait until the end of the thirty (30) day period, referenced in paragraphs four (4) and (5) above, to proceed against the debtor to collect the debt.  Once commenced, all remedies will be pursued and attorneys' fees and costs, which the debtor may be wholly or partly responsible for, will increase.  If, however, the debtor or the debtor's attorney requests proof of the debt or the name and address of the original creditor within the thirty (30) day period, which begins with the debtor's receipt of this Notice, collection efforts (through litigation or otherwise) will be suspended until the creditor's law firm sends the requested information to the debtor or the debtor's attorney.  Once the requested information is sent to the debtor or the debtor's attorney, collection efforts will resume.

7.    Written requests required by The Act should be addressed to: BRADFORD J. TROPELLO, ESQUIRE, of the law firm of Blanchard, Merriam, Adel & Kirkland, P.A., Post Office Box 1869, Ocala, Florida 34478.

EXHIBIT C

5:01 PM

11/24/14

Accrual Basis

## Ocala Palms Operations, LLC
## Customer Open Balance
### All Transactions

| Type | Date | Num | Memo | Due Date | Open Balance | Amount |
|------|------|-----|------|----------|-------------:|-------:|
| **7F1 JOSEPH IOIME** | | | | | | |
| Invoice | 08/20/2014 | 15357 | | 08/20/2014 | 12.73 | 184.29 |
| Invoice | 09/11/2014 | 15525 | | 09/11/2014 | 5.00 | 5.00 |
| Invoice | 09/11/2014 | 15562 | | 09/11/2014 | 9.06 | 9.06 |
| Invoice | 09/20/2014 | 16524 | | 09/20/2014 | 184.29 | 184.29 |
| Invoice | 10/07/2014 | 16675 | | 10/07/2014 | 8.69 | 8.69 |
| Invoice | 10/07/2014 | 16728 | | 10/07/2014 | 5.00 | 5.00 |
| Invoice | 10/20/2014 | 00953 | | 10/20/2014 | 184.29 | 184.29 |
| Invoice | 11/05/2014 | 01007 | | 11/05/2014 | 11.66 | 11.66 |
| Invoice | 11/08/2014 | 01138 | | 11/06/2014 | 5.00 | 5.00 |
| Invoice | 11/07/2014 | 01190 | | 11/07/2014 | 550.00 | 550.00 |
| Invoice | 11/20/2014 | 02149 | | 11/20/2014 | 184.29 | 184.29 |
| **Total 7F1 JOSEPH IOIME** | | | | | 1,160.01 | 1,331.67 |
| **TOTAL** | | | | | 1,160.01 | 1,331.67 |

Page 1

Ocala Palms Operations, LLC

5930 NW 18th Place
Ocala, FL 34482
352-732-9898

# Statement

Statement Date:        11/20/2014

Account #:              7Fi

JOSEPH IOIME
2538 NW 50TH AVENUE
Ocala, FL 34482

| Date | Transaction | Amount | Balance |
|------|-------------|--------|---------|
| 10/31/2014 | Balance forward | | 777.64 |
| 11/05/2014 | INV. #01097. | | |
| | — Fin Chg $11.66 | 11.66 | 789.30 |
| 11/06/2014 | INV #01138. | | |
| | — Late Fee $5.00 | 5.00 | 794.30 |
| 11/07/2014 | INV #01190. | | |
| | — 078-Processing Fee $550.00 | 550.00 | 1,344.30 |
| 11/20/2014 | INV #02149. | | |
| | — 01-Rec/Privacy/Hs Refuse, 1 @ $149.67 = 149.67 | 184.29 | 1,528.59 |
| | — 03-Ocala Palms Maint Fee, 1 @ $34.62 = 34.62 | | |

STATEMENTS ARE BILLED ON THE 20TH DAY AND DUE BY THE 1ST.
AFTER THE 5TH DAY OF THE MONTH, A LATE FEE OF $5.00 WILL BE CHARGED.

| Amount Due |
|------------|
| $1,528.59 |