UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOSEPH IOIME, on behalf of himself
and all others similarly situated,

    Plaintiff,

Case No. 5:15-CV-130-OC-30-PRL

v.

BLANCHARD, MERRIAM, ADEL &
KIRKLAND, P.A., a Florida Corporation,
and OCALA PALMS OPERATIONS, LLC,
a Florida Company

    Defendants.
_____/

### DEFENDANT, OCALA PALMS OPERATIONS, LLC'S MOTION TO DISMISS CLASS ACTION COMPLAINT

Defendant, Ocala Palms Operations, LLC ("Ocala Palms" or "Defendant"), pursuant to Rule 12(b), Federal Rules of Civil Procedure, moves the Court to dismiss Counts IV, VI, and VII of the Plaintiff's Class Action Complaint (the "Complaint") as to Ocala Palms, and states as follows:

1. Plaintiff's Complaint alleges three causes of action against Ocala Palms, arising from Ocala Palms' attempts to collect delinquent monthly homeowners' assessments from the Plaintiff and members of the purported Class: Violation of the Florida Consumer Collection Practices Act, on behalf of the Class (Count IV); Violation of the Florida Consumer Collection Practices Act, on behalf of the Named Plaintiff (Count VI); and Breach of Contract, on behalf of the Named Plaintiff (Count VII).

2. Count IV of the Complaint should be dismissed as to Ocala Palms for failure to state a claim on which relief can be granted. The allegations of this Count reflect an obvious

misreading of the terms of the Notice of Intent to File Claim of Lien on which this Count is based.

3.   Moreover, and contrary to the Plaintiff's jurisdictional allegations, none of Plaintiff's claims against Ocala Palms raises a federal question, nor does Count VI or VII share a common nucleus of operative fact with Plaintiff's federal allegations. Accordingly, this court lacks subject-matter jurisdiction over these claims.

## MEMORANDUM OF LAW

**I.   Count IV Should Be Dismissed for Failure to State a Claim on Which Relief Can Be Granted, because the Allegations of This Count Misrepresent or Miscomprehend the Content of the Intent to Lien Letters on Which This Count is based.**

Plaintiff's Count IV alleges that Ocala Palms violated the Florida Consumer Collection Practices Act by causing correspondence to be sent to Plaintiff and the Class which threatened to take legal action which Ocala Palms had no actual intention of taking. Specifically, Count IV alleges that Ocala Palms sent correspondence to Plaintiff and the Class stating that Ocala Palms intended to file a Claim of Lien against the recipient's property within forty-five (45) days if outstanding past due assessments owed to the Association were not paid (the "Intent to Lien Letters"). This allegation misrepresents the content of the Intent to Lien Letters. The relevant portion, as excerpted in Plaintiff's Complaint, provides as follows:

> This is Ocala Palms' written notice or demand for past due assessments, as well as any other amounts owed to Ocala Palms pursuant to its governing documents, and of **Ocala Palms' intent to file a Claim of Lien against your parcel if the outstanding past due assessments are not paid within forty-five (45) days following the date this notice is deposited in the mail.** If not paid, assessments, and other charges will continue to accrue, and should **additional legal action** become necessary in this matter, you may be held responsible for all attorney's fees and costs incurred, in addition to those set forth below.

*See* Comp., ¶ 94 (emphasis Plaintiff's).

Plaintiff apparently understands this paragraph to mean that Ocala Palms intends to file a Claim of Lien at some point within the next 45 days if the referenced outstanding past due

assessments are not paid. *See, e.g.* Comp., ¶ 96 ("The… Letter expressly states that a Claim of Lien will be filed against the Plaintiff's home within 45 days if the amount presented in the Letter is not paid… The Letter implies that legal action is imminent in 45 days…").

Plaintiff's reading is inaccurate. The excerpted paragraph conveys Ocala Palms' intention to file a Claim of Lien against the recipient's property "<u>if the referenced past due assessments are not paid</u> within forty-five (45) days." *Id.* (emphasis added). Nowhere does the Intent to Lien Letter state that Ocala Palms intends to file a Claim of Lien against the recipient's property within 45 days. In fact, it says just the opposite. The excerpted passage provides that the recipient has at least 45 days to pay outstanding past due assessments, and by extension that Ocala Palms will *not* file a Claim of Lien within that time period.

Plaintiff's misreading of the Intent to Lien Letter renders the allegations of Count IV wholly insubstantial. Taking as true that Ocala Palms did cause the Intent to Lien Letter to be sent to Plaintiff and to the Class, and taking as true the accuracy of the Intent to Lien Letter as reproduced in Plaintiff's Complaint, Plaintiff's Count IV fails to state a claim on which relief can be granted because the Intent to Lien Letter simply does not say what Plaintiff says it does. Accordingly, this Court should dismiss Count IV as to Ocala Palms. *See* Fed. R. Civ. P. 12(b)(6); *Strong v. KIMC Investments, Inc.*, 2012 WL 2579978 at *1 (11th Cir. 2012) (To survive a motion to dismiss, a plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'… 'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (citations omitted); *see also Thomas v. Wakulla Bank*, 2009 WL 1437812 at *1, fn 1 (M.D. Ga. 2009) ("Federal courts lack subject matter jurisdiction over claims that are otherwise within their original jurisdiction if those claims are obviously frivolous or wholly insubstantial.").

II.   **Counts VI and VII Should Be Dismissed as to Ocala Palms Because This Court Does Not Have Subject-Matter Jurisdiction Over These Claims.**

Plaintiff's Count VI asserts an individual claim that Ocala Palms violated the Florida Consumer Collection Practices Act by attempting to collect a "Processing Fee" from the Plaintiff which was without basis in the Declaration of Ocala Palms (the "Declaration"). Count VII asserts an individual claim against Ocala Palms for breach of the Declaration in attempting to collect the Processing Fee. Plaintiff alleges that this Court has jurisdiction pursuant to the jurisdictional provision of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d), and pursuant to this Court's "federal question" jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331. Neither of these statutes provides a basis for federal jurisdiction over state law claims and the Plaintiff fails to allege any basis for jurisdiction over Ocala Palms.

Whereas Counts VI and VII allege violations of a Florida Statute against a Florida resident by a Florida limited liability company, and for breach of a declaration of restrictive covenants governing real property in the State of Florida, these Counts do not raise a federal question and this Court lacks jurisdiction over these claims, contrary to Plaintiff's jurisdictional allegations.

Moreover, this Court does not have supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367, because Plaintiff's allegations as to Ocala Palms do not share a common nucleus of operative fact with Plaintiff's federal claims. 28 U.S.C. § 1367 provides that district courts shall have supplemental jurisdiction over all claims forming part of the "same case or controversy" as claims over which the district court has original jurisdiction. In determining whether a non-federal claim forms part of the "same case or controversy" as a related federal claim, Courts will consider whether the state law claim arises out of a "common nucleus of operative fact" with a substantial federal claim. *See United Mine Workers of America v. Gibbs,*

383 U.S. 715, 725 (1966). "Claims arising from a 'common nucleus of operative fact' necessarily involve 'the same witnesses, presentation of the same evidence, and determination of the same, or very similar facts.'" *Leblanc v. Advance Credit Corp.*, 2007 WL 141173 at *3 (citing *Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1566 (11th Cir. 1994)).

Counts VI and VII against Ocala Palms do not share a common nucleus of operative fact with Plaintiff's federal claims because the former relate to the validity of the underlying debt, while the latter relate to a third party's attempts to collect on that debt. The evidence and factual determinations relevant to Plaintiff's federal claims will therefore be entirely distinct from that of Plaintiff's claims under Florida law. *See Ayres v. National Credit Management Corp.*, 1991 WL 66845 at *2. In *Ayres,* the court stated as follows in considering whether a defendant's counterclaim for breach of contract arose under the same "common nucleus of operative fact" as the plaintiff's claims based on the FDCPA:

> Here the debtor-creditor relationship is a fact common to both claims. Yet the key operative facts supporting the claims are clearly distinct. *The FDCPA action turns entirely on the content of written demand letters* from defendant, National Credit Management Corp., an independent debt collector, to plaintiff, Robert Ayres, and any other communications that may have transpired between them regarding collection of the debt. At trial, plaintiff will be required to offer proof of the communications, and to demonstrate the alleged misrepresentations and omissions therein. *Plaintiff need not offer proof that the debt is invalid; the validity of the debt is legally irrelevant to the FDCPA claim.*

*Id.* (emphasis added).

In establishing his federal law claims against Defendant Blanchard, Merriam, Adel & Kirkland, P.A. ("BMA&K"), the Plaintiff will seek to establish that BMA&K's efforts to *collect* on the Plaintiff's delinquent assessments were in violation of the federal Fair Debt Collection Practices Act. The validity of the underlying debt is not at issue with respect to Plaintiff's claims against BMA&K.

### III. Conclusion

Plaintiff has alleged no federal claim against Ocala Palms. As set forth above, the Complaint's jurisdictional allegations are therefore without basis. Moreover, assuming that the Complaint intends to assert supplemental jurisdiction over Ocala Palms based on the claims against Ocala Palms arising under a common nucleus of operative fact with the claims against BMA&K, this argument must fail because allegations related to the validity of Plaintiff's underlying debt will require a separate factual showing to establish these claims. *See Leblanc,* 2007 WL 141173 at *3; *Ayres,* 1991 WL 66845 at *2, *supra.*

Moreover, Plaintiff's allegations as to the Intent to Lien Letter reflect an obvious misreading of that document and cannot be legally sustained. Accordingly, Plaintiff's state law claims against Ocala Palms must be dismissed.

**WHEREFORE**, Defendant, Ocala Palms Operations, LLC, respectfully requests that this Court enter an Order dismissing Counts IV, VI, and VII of the Plaintiff, Joseph Ioime's Complaint as to Ocala Palms, and granting all further relief to which Defendant is entitled at law or in equity.

**SHUMAKER, LOOP & KENDRICK, LLP**

By: /s/ *Jonathan J. Ellis*
JONATHAN J. ELLIS, ESQ.
Florida Bar Number 863513
jellis@slk-law.com
ccheaney@slk-law.com
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602
Telephone: (813) 229-7600
Facsimile: (813) 229-1660
*Counsel for Ocala Palms Operations, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 2, 2015 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic filing to all counsel of record.

/s/ *Jonathan J. Ellis*
ATTORNEY