UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOSEPH IOIME, on behalf of himself
And all others similarly situated,

       Plaintiff,

v.                                  Case No.: 5:15-cv-130-OC-30-PRL

BLANCHARD, MERRIAM, ADEL &
KIRKLAND, P.A., et al.,

       Defendants.
_____/

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, JOSEPH IOIME ("Plaintiff" or "Mr. Ioime"), individually and on behalf of all others similarly situated, by and through his undersigned counsel, files this Motion for Class Certification and incorporated Memorandum of Law.  In support of the motion, Plaintiff states as follows:

## I.    INTRODUCTION

This class action asserts that Defendant, BLANCHARD, MERRIAM, ADEL & KIRKLAND, P.A. ("BMAK LAW FIRM"), routinely sends written communications when it attempts to collect debts that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, et. seq. Specifically, BMAK LAW FIRM's Collection Notices ("Notices") circumvent the protections given to consumers by requiring consumers to dispute the validity of their debts *in writing*, in violation of the FDCPA and FCCPA.  Plaintiff, like many other consumers who received the Notices at issue, is a senior citizen living in an age restricted community.

Fortunately for Plaintiff, the FDCPA section 15 U.S.C. § 1692g(a)(3) sets forth no limitation as to the manner in which a consumer can dispute the validity of the debt. The FCCPA also prohibits this conduct, as it makes it unlawful for BMAK LAW FIRM to assert rights that do not exist and to act in a manner meant to abuse or harass the consumer. See Fla. Stat. § 559.72(7) and (9). Therefore, Plaintiff and all other class members that received a substantially similar or identical Notice are entitled to relief under the FDCPA and FCCPA.

## II.     LEGAL LANDSCAPE

Cases involving standardized debt collection letters that violate the FDCPA and FCCPA are routinely certified as class actions. See e.g. Fuller v. Becker & Poliakoff, P.A., 197 F.R.D. 697 (M.D. Fla. 2000) (certifying case involving 200 debt collection letters that plaintiff alleged violated the FDCPA and FCCPA); Agan v. Katzman & Korr, P.A., 222 F.R.D. 692 (S.D. Fla. 2004) (certifying FDCPA and FCCPA class action based on form debt collection letters and claim of liens); Roundtree v. Bush Ross, P.A., 304 F.R.D. 644 (M.D. Fla. 2015) reconsideration denied sub nom. Roundtree v. Ross, No. 8:14-CV-357-T-27AEP, 2015 WL 1931103 (M.D. Fla. Apr. 28, 2015) (certifying FDCPA class action based on form debt collection letters). "In cases seeking relief for conduct involving form collection letters alleged to violate the FDCPA and FCCPA, certification of a class action is not unusual." Gaalswijk-Knetzke v. Receivables Mgmt. Servs. Corp., No. 8:08-CV-493-T-26TGW, 2008 WL 3850657, at *2 (M.D. Fla. Aug. 14, 2008).

Like the cases cited above, this class action involves a standardized, one-page debt collection communication, titled "Notice Under The Fair Debt Collection Practices Act" (hereinafter "Notice", attached as Exhibit "A"). The Notice is a standardized form Notice accompanying all communications between BMAK LAW FIRM and the debtors it seeks to collect debts from. The pertinent parts of the Notice (Exhibit "A") provide:

**<u>NOTICE UNDER THE FAIR DEBT COLLECTION
PRACTICES ACT (The Act)</u>
15 U.S.C. 1601, et seq., As Amended**

As of December 1, 2014, you owe the total amount of $1,331.57, as set forth in the document to which this Notice is attached.

The name of the Creditor is:  Ocala Palms Operations, LLC.

The debt described in the document attached to this Notice will be assumed to be valid by the creditor's law firm **unless the debtor or the debtor's attorney, within thirty (30) days of receipt of this notice, disputes, in <u>writing</u>**, the validity of the debt or any portion thereof.

…

**Written requests <u>required</u>** by the Act should be addressed to:  BRADFORD J. TROPELLO, ESQUIRE, of the law firm of Blanchard, Merriam, Adel & Kirkland, P.A., Post Office Box 1869, Ocala, Florida 34478.

Exhibit A (emphasis added).

The Notice violates both the FDCPA and FCCPA.  15 U.S.C. § 1692g(a)(3) sets forth no limitation as to the manner in which a consumer can dispute the validity of the alleged debt. However, in its Notice, BMAK LAW FIRM states that in order to dispute the validity of the debt, Plaintiff must notify BMAK LAW FIRM "in writing."  The Notice does not allow for any other methods of communication, such as a phone call, email or facsimile from the consumer to dispute the validity of the debt.  By requiring debtors to dispute the validity of their debts "in writing," BMAK LAW FIRM has unlawfully attempted to curtail some of the debtors' rights, including those that are triggered when a consumer disputes the debt through oral statement. Therefore, BMAK LAW FIRM has violated the FDCPA sections 1692g and 1692e, as well as the FCCPA sections 559.72(7) and (9).

Every district court in this Circuit to have ruled on this issue has sided with the Ninth Circuit's reasoning in <u>Camacho v. Bridgeport Financial, Inc.</u>, 430 F.3d 1078 (9th Cir.2005), which held that the plain language of § 1692g(a)(3) <u>does not</u> require a dispute to be filed in

writing.  See Baez v. Wagner & Hunt, P.A., 442 F.Supp.2d 1273 (S.D. Fla. 2006); Guerrero v. Absolute Collection Serv., Inc., 2011 WL 8183860at *3-4 (N.D. Ga. Oct. 6, 2011);In re Turner, 436 B.R. 153, 157-58 (M.D. Ala. 2010).

Likewise, courts throughout the country have certified class actions based on these same violations.  See Kalish v. Karp & Kalamotousakis, LLP, 246 F.R.D. 461, 465 (S.D.N.Y. 2007) (certifying a class action of 700 individuals who received a form letter which informed individuals that they could only dispute the debt owed to defendant in writing, in violation of the FDCPA); Vega v. Credit Bureau Enterprises, No. CIVA02CV1550DGTKAM, 2005 WL 711657, at *3 (E.D.N.Y. Mar. 29, 2005) (certifying a class action of 1,682,996 consumers who received a letter requiring them to dispute their debt in writing).

Accordingly, debt collection letter violation cases involving the misleading statement that the individual can only dispute the debt in writing are tailor-made for class-wide determination. For the additional reasons set forth below, this Court should grant Plaintiff's motion and certify this matter.

## III.    CLASS CERTIFICATION IS APPROPRIATE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23

Plaintiff seeks class certification under Rules 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure for BMAK LAW FIRM's violation of the FDCPA and FCCPA, for both damages and injunctive relief, on behalf of a class defined as:

> All consumers located in Florida who were sent a Notice from BMAK LAW FIRM in connection with an attempt to collect a consumer debt, where the Notice was substantially similar or materially identical to the Notice delivered to Plaintiff (Exhibit A attached hereto), from March 17, 2013 through the date the Court issues an Order granting Class Certification.

In order for a class to be certified, all four requirements of Rule 23 (a) must be satisfied along with one of the three categories of Rule 23(b).  Amchem Products, Inc. v. Windsor, 521

U.S. 591, 117 S.Ct. 2231, 2245, 138 L.Ed.2d 689 (1997).   The substantive allegations of the complaint should generally be taken as true when deciding class certification.  In re Carbon Dioxide Antitrust Lit., 149 F.R.D. 229, 232 (M.D. Fla. 1993).   "Rule 23 must be liberally interpreted" and read to "favor maintenance of class actions."  Kins v. Kansas City Southern Industries, 519 F.2d 20, 25-26 (7th Cir. 1975).  Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. § 1692k(a) and (b) for FDCPA class actions. 15 U.S.C. § 1692k(a) and (b).

Class certification pursuant to Rule 23 requires that all four prerequisites to section (a) be satisfied and at least one prerequisite of section (b) be satisfied.  The four elements that a party must show to satisfy to obtain class certification are:

> (1) the class is so numerous that joinder of all members is impracticable [*numerosity*], (2) there are questions of law or fact common to the class [*commonality*] (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class [*typicality*], and (4) the representative parties will fairly and adequately protect the interests of the class [*adequacy*].

Fed. R. Civ. P. 23(a)(emphasis added).  As discussed below, all of the requirements of Rule 23(a), (b)(2) and (b)(3) have been met under the facts of this case.

**A.    Certification Pursuant to Rule 1.220(a)**

**1.    Numerosity**

The first prerequisite for class certification under Rule 1.220(a) is numerosity, which requires that members of the class be so numerous that "joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  The Class is so numerous that joinder of all members is impractical.  Id. The focus of this inquiry "is not whether the number of proposed class members is 'too few' to satisfy the Rule, but 'whether joinder of proposed class members is impractical.'"  Sharf v. Financial Asset Resolution, *LLC*, 295 F.R.D. 664, 669 (S.D. Fla. January 16, 2014) (quoting

Armstead v. Pingree, 629 F.Supp. 273, 279 (M.D. Fla. 1986)).  The Rule does not establish a precise numerical threshold, but parties seeking class certification "must make reasonable estimates that the class to be certified will satisfy the numerosity requirement."  Williams v. Wells Fargo Bank, Nat'l Ass'n, 280 F.R.D. 665, 672 (S.D. Fla. 2012).  The court may "make common sense assumptions in order to find support for numerosity."  Evans v. United States Pipe & Foundry, 696 F.2d 925, 930 (11th Cir. 1983). "[T]he court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential in most cases in order to reach a class determination...Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 *Newberg on Class Actions* (3d ed. 1992), §7.22A.

Here, the members of the Class are so numerous that joinder of all members is not practical.  Defendant's interrogatory response states that it sent "between 250 and 1000 Notices similar to [Plaintiff's Notice] to natural persons within the previous two years."  (Exhibit B, Interrogatory Response No. 1).  By BMAK LAW FIRM's own admission, the numbers are such that it would be impracticable to join together several hundred, if not one thousand class members.  More importantly, this response shows that BMAK LAW FIRM has the ability to determine with great specificity those individuals that fall within the class definition.  Thus, the facts of this case easily establish the numerosity requirement.

## 2.      Commonality

Rule 23(a)(2) of the Federal Rules of Civil Procedure requires "questions of law or fact common to the class."  "This part of the rule does not require that all the questions of law and fact raised by the dispute be common or that the common questions of law or fact predominate

over individual issues."  Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1268 (11th Cir. 2009) (internal quotations and citation omitted).  Rather, commonality requires that there be at least one issue whose resolution will affect all or a significant number of the putative class members. Williams v. Mohawk Indus., Inc., 568 F.3d 1350, 1355 (11th Cir. 2009). For purposes of Rule 23(a)(2), even a single common question of law *or* fact will do.  Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011).

Here, there are questions of fact or law common to the class, which predominate over any questions affecting only individual members.  Fed. R. Civ. P. 23(a)(2), Fed. R. Civ. P. 23(a)(3). These common questions include, but are not limited to:

    a.  Whether BMAK LAW FIRM violated the FDCPA by sending Notices in the form of Exhibit A which circumvent the protections given to consumers by requiring them to dispute the validity of their debts in writing;

    b.  Whether BMAK LAW FIRM violated the FCCPA by sending Notices in the form of Exhibit A which circumvent the protections given to consumers by requiring them to dispute the validity of their debts in writing and which asserts a legal right that BMAK LAW FIRM does not have; and

    c.  Whether Plaintiff and Class members are entitled to declaratory and injunctive relief;

    d.  Whether Plaintiff and the Class are entitled to statutory or actual damages under the FDCPA and/or the FCCPA.

Each of these common questions will lead to answers common to the Class, advancing the litigation for all Class members "in one stroke."  See Dukes, 131 S.Ct. at 2551.  In FDCPA and FCCPA cases involving form debt collection letters, commonality is easily established.  To

establish commonality, Plaintiff needs to merely allege that all class members received substantially similar notices from Defendant.  Swanson v. Mid Am, Inc., 186 F.R.D. 665, 668 (M.D.Fla. 1999) ("To establish commonality, it is sufficient that plaintiff allege that all class members received the same collection letter.").

This is exactly what Plaintiff has alleged.  "The very definition of this class logically involves common questions, such as whether the subject collection letter violates 15 U.S.C. §1692g."  Macarz v. Transworld Systems, Inc., 193 F.R.D. 46, 49 (D. Conn. 2000).   The collection activities of the Defendant -- like those of any debt collection firm -- are systematized. The collectors must necessarily act indiscriminately in the treatment of consumers from whom they attempt to collect debts by means of standard collection documents.  Each class member received the same form Notice as attached as Exhibit A to the Complaint.  Therefore, the entire class has been subject to this common course of conduct.

Regardless of which party ultimately prevails on these common issues, the fact remains that these legal determinations do not turn on individual issues.  Whether BMAK LAW FIRM's standardized Notices violate the FDCPA and FCCPA is a common question that should be decided once and for all.  If the law is determined in favor of Plaintiff, then the same findings of fact and conclusions of law will necessarily apply to all class members who received a similar Notice.  The same is true for Defendant.  If Defendant shows that its Notices comply with the requirements of the FDCPA and FCCPA, then all of its Notices would be valid and compliant. Importantly, there are no circumstances under which some Notices will be found to be lawful and some not. Thus, the commonality element of Rule 23(a) is also satisfied.

### 3.      Typicality

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that "the claims or defense

of the representative parties [be] typical of the claims or defenses of the class." "Typicality …

does not require identical claims or defenses." <u>Kornberg v. Carnival Cruise Lines, Inc.</u>, 741 F.2d

1332, 1337 (11th Cir. 1984). Rather, typicality "is established if the claims or defenses of the

class and the class representative arise from the same event or pattern or practice and are based

on the same legal theory." <u>Id.</u> Moreover, "[d]ifferences in the amount of damages between the

class representative and other class members does not affect typicality." <u>Id.</u>

Here, the Notice BMAK LAW FIRM sent to Plaintiff is identical to the Notices sent to

the rest of the Class. <u>See</u> Exhibit C, Composite Exhibit which includes a sample of 25 notices

used by BMAK LAW FIRM during the class period. Each Notice requires that the recipient

dispute his or her debt in writing, in violation of the FDCPA and FCCPA. The Plaintiff is typical

of the class he seeks to represent as there is nothing peculiar about Plaintiff's situation that

makes him different from other members of the class. Accordingly, Plaintiff possesses the same

legal interest and has endured the same alleged legal injury as the other members of the class.

As a result, the typicality requirement of Rule 23(a) is also satisfied.

### 4.    Adequacy of Representation

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect

the interests of the class." "[T]his requirement applies to both the named plaintiff and counsel,"

and "the requirement's purpose is to protect the legal rights of absent class members." <u>London</u>

<u>v. Wal-Mart Stores</u>, 340 F.3d 1246, 1253 (11th Cir. 2003) (internal quotations omitted).

Additionally, this requirement is meant "to uncover conflicts of interest between named parties

and the class they seek to represent." <u>Id.</u>

Both prongs of the "adequacy" test are met here.    First,    Plaintiff's    Counsel    has

substantial experience in consumer class actions and are adequate to act as Counsel in this class

action lawsuit.  (Exhibit D, Declaration of Brian W. Warwick).  Additionally, Plaintiff's Counsel have ample experience litigating various types of consumer cases, including other consumer class actions based on FDCPA and FCCPA violations in cases virtually identical to this one. Thus, the first prong of the "adequacy" requirement of Rule 23(a) is met.

Second, Plaintiff has shown that it is willing and able to take an active role as class representative on behalf of the class.  Plaintiff has reviewed all the pleadings and met with counsel.  Further, there has been no evidence uncovered in this case that indicates that Plaintiff has any interests antagonistic to the class he seeks to represent.  Plaintiff diligently prosecuted this action from the outset and has sufficient knowledge of the nature of the lawsuit to be determined to be an adequate class representative.  Therefore, the adequacy requirement under Rule 23(a)(4) is also met.

Accordingly, all of the prerequisites of Rule 23(a) have been established with regard to the proposed Class.  Now, this Court's analysis must turn to whether the facts of this case also meet at least one of the requirements Rule 23(b) before the Class can be properly certified.

**B.    Certification Pursuant to Rule 23(b)(3).**

An action may be maintained as a class action if the four elements described above are satisfied, and in addition, certain other conditions under Rule 23(b)(3) are met:

> [T]he Court finds that the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a Class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed. R. Civ. P. 23(b)(3).

**1.    Common Issues Predominate**

At its core, the predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem Prods. v. Windsor, 521 U.S. 591,

623 (1997).  The Supreme Court recently reiterated: "Rule 23(b)(3) ... does *not* require a plaintiff seeking class certification to prove that each 'elemen[t] of [her] claims [is] susceptible to classwide proof,'" but that "common questions '*predominate* over any questions affecting only individual [class] members.'" <u>Amgen Inc. v. Conn. Ret. Plans & Trust Funds</u>, 133 S.Ct. 1184, 1196 (2013) (quoting <u>Wal-Mart Stores, Inc. v. Dukes</u>, 131 S.Ct. 2541, 2552 n.6 (2011)) (emphasis added). Accordingly, plaintiffs must make a "showing that *questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." <u>Id.</u> at 1191.

As stated above, cases involving standardized debt collection letters and notices that violate the FDCPA and FCCPA are routinely certified as class actions.  <u>See</u> <u>e.g.</u> <u>Fuller</u>, 197 F.R.D. 697 (M.D. Fla. 2000) (certifying case involving 200 debt collection letters that plaintiff alleged violated the FDCPA and FCCPA); <u>Agan</u>, 222 F.R.D. 692 (S.D. Fla. 2004) (certifying FDCPA and FCCPA class action based on form debt collection letters and claim of liens); <u>Roundtree</u>, 304 F.R.D. 644 (M.D. Fla. 2015) (certifying FDCPA class action based on form debt collection letters).  "In cases seeking relief for conduct involving form collection letters alleged to violate the FDCPA and FCCPA, certification of a class action is not unusual."  <u>Gaalswijk-Knetzke</u>, 2008 WL 3850657, at *2 (M.D. Fla. Aug. 14, 2008).

It is not necessary to illustrate that **all** questions of fact or law are common.  <u>See</u> <u>Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.</u>, 601 F.3d 1159, 1178 (11th Cir. 2010).  Rather, a showing that some questions are common, and that those questions predominate over individual questions is all that is necessary to meet the predominance inquiry. <u>Sosa</u>, 73 So. 3d at 112 (citing <u>Klay v. Humana, Inc.,</u> 382 F.3d 1241, 1254 (11th Cir. 2004)).

Exhibit C is a composite exhibit which includes a sample of 25 notices used by BMAK

LAW FIRM during the class period.  A comparison of Exhibit C with Plaintiff's Notice (Exhibit A) shows that the Notices BMAK LAW FIRM sent to all class members are *identical* in respects to the statement that all disputes must be in writing.  Accordingly, common issues predominate over any individual issues, since BMAK LAW FIRM's Notices are uniform.  A determination of whether Plaintiff's Notice (Exhibit A) violates the FDCPA and FCCPA will likewise apply to all other class members and is the predominant issue in this litigation.  Therefore, the facts of this matter satisfy the predominance requirement of Rule 1.220(b)(3).

### 2.    A Class Action is Superior to Individual Actions

"[W]hen common issues predominate over individual issues, a class action lawsuit becomes more desirable as a vehicle for adjudicating the plaintiffs' claims."  Nelson v. Mead Johnson Nutrition Co., 270 F.R.D. 689, 698 (S.D. Fla. 2010) (citing Klay v. Humana, 382 F.3d 1241, 1269 (11th Cir. 2004)).  Moreover, "[c]ourts are generally reluctant to deny class certification based on speculative problems with case management."  Klay, 382 F.3d at 1273.

A class action in this case is superior to other available methods for the fair and efficient adjudication of the controversy because a class resolution of the issues described above outweighs the difficulties in management of hundreds, if not thousands, of separate and individual claims, and allows access to the courts for those who might not gain such access standing alone.  Class certification is particularly appropriate in light of the relatively small amount of the statutory damage claims at issue.

In numerous cases, courts have recognized that Rule 23(b)(3) certification is particularly appropriate for consumer claims such as those asserted here.  See, e.g., Weiss v. Regal Collections, 385 F.3d 337, 345 (3d Cir. 2004) ("Representative actions … appear to be fundamental to the statutory structure of the FDCPA."); see also, e.g., Amchem, 521 U.S. at 617

("The policy of the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights."). The Class is limited to recovery of statutory damages of up to $1,000 per person, which is small considering that litigation costs in an individual case would exceed that amount. This relatively modest recovery for a statutory violation is not a huge incentive to bringing individual actions. Importantly, the FDCPA also limits statutory damages in class actions such as this case to "the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. § 1692k(a)(2)(B). The same statutory damage cap applies to the FCCPA. Here, the Defendant's net worth will render the recovery per class member smaller, but not so small as to destroy the superiority element. See Hicks v. Client Services, Inc., 257 F.R.D. 699, 700 (S. D .Fla. 2009) (De minimus recovery of $1.24 did not destroy superiority).

The only economically viable remedy for adjudicating this controversy is through a class action. Without the class action device, no class member would be able to obtain counsel and would not be able to afford to challenge BMAK LAW FIRM's practices of sending Notices that violate the FDCPA. Because the damages at issue are small in size, combined with the large number of Notices sent within the class period, it makes a class action the only viable manner in which to litigate these claims.

Simply stated, absent a class action, it would be economically infeasible for individuals to obtain counsel willing to litigate to recover such small amounts. Moreover, BMAK LAW FIRM has been able to identify all individuals that meet the class definitions, and therefore, there are no issues identifying or providing notice to the class which supports a finding of manageability. As a result, a class is superior to the other available methods of adjudicating these claims.

13

## C.     Certification Pursuant to Rule 23(b)(2).

Plaintiff seeks a Rule 23(b)(2) declaratory and injunctive relief class to address BMAK LAW FIRM's FCCPA liability and to address future conduct.   Rule 23(b)(2) permits class certification if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Further, "hybrid" classes, such as this, are routinely certified where the wrongful conduct occurred both in the past and continues into the future. See, e.g., Davis v. S. Bell Tel. & Tel. Co., No. 89-2839-CIV-NESBITT, 1993 WL 593999, at *7 (S.D. Fla. Dec. 23, 1993) ("[W]here injunctive relief and damages are both important components of the relief requested, court[s] have regularly certified an injunctive class under Rule 23(b)(2) and a damages class under Rule 23(b)(3) in the same action"). BMAK LAW FIRM's conduct generally applies to all Class members as they were all exposed to its violative Notices and BMAK LAW FIRM continues to represent the same parties to which Plaintiff and the Class owe continuing assessments to.  Moreover, the FCCPA Fla. Stat. § 559.77(2) expressly provides Plaintiff and Class members with "equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part."

A declaratory and injunctive relief Class is appropriate to ensure that BMAK LAW FIRM discontinues its use of the violated Notice.   Thus, Rule 23(b)(2) injunctive relief is appropriate to ensure that BMAK LAW FIRM discontinues -- and does not re-introduce -- its violative Notice into the marketplace.

Accordingly, all the elements of Rule 23(a), (b)(2) and (b)(3) have been satisfied and class certification is appropriate.

IV.     **CONCLUSION**

For the reasons set forth above, this Court should enter an Order Certifying the Class as follows:

1.      Plaintiff's Motion for Class Certification is GRANTED;

2.      The requirements of Rule 1.220(a) and (b)(3) are satisfied;

3.      The Class is defined as:

All consumers located in Florida who were sent a Notice from BMAK LAW FIRM in connection with an attempt to collect a consumer debt, where the Notice was substantially similar or materially identical to the Notice delivered to Plaintiff (Exhibit A attached hereto), from March 17, 2013 through the date the Court issues an Order granting Class Certification.

3.      The named Plaintiff is appointed to represent the Class;

4.      Plaintiff's Counsel is appointed as Class Counsel and can act on behalf of the Certified Class.

Dated:  December 11, 2015.            **VARNELL & WARWICK, P.A.**

/s/ Steven T. Simmons, Jr.
**STEVEN T. SIMMONS, JR., FBN: 0091654**
**BRIAN W. WARWICK, FBN: 0605573**
**JANET R. VARNELL, FBN: 0071072**
P.O. Box 1870
Lady Lake, FL 32158
Telephone: (325) 753-8600
Facsimile:  (352) 504-3301
*ssimmons@varnellandwarwick.com (primary)*
*bwarwick@varnellandwarwick.com (primary)*
*jvarnell@varnellandwarwick.com (primary)*
*kstroly@varnellandwarwick.com (secondary)*

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of December, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

**PATRICK M. DELONG**
**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
100 NE Third Avenue, 11th Floor
Fort Lauderdale, FL 33301
PMDelong@mdwcg.com

/s/ Steven T. Simmons, Jr.
**STEVEN T. SIMMONS, JR.**

16