# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Case No.: 5:15-CV-130-OC-30 PRL

JOSEPH IOIME, on behalf of himself
and all others similarly situated,

        Plaintiff,

v.


BLANCHARD MERRIAM, ADEL &
KIRKLAND, P.A., a Florida Corporation,
And OCALA PALMS OPERATIONS, LLC,
A Florida Company,

        Defendant.

_____/

**DEFENDANT, BLANCHARD MERRIAM ADEL & KIRKLAND, P.A.'S,
OBJECTIONS AND UNVERIFIED RESPONSES TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES**

Defendant,   BLANCHARD  MERRIAM  ADEL  &  KIRKLAND,  P.A.   ("BMAK"), by

and through its undersigned counsel and pursuant to Fed.R.Civ.P. 33, serves its Objections and

Responses to the Plaintiff's  First Set of Interrogatories Served July 9, 2015 as follows:

**PRELIMINARY STATEMENT**

As to each and every Interrogatory, BMAK states the following:

1.     These responses are made pursuant to the Federal Rules of Civil Procedure and

are based upon information presently known by BMAK. It is anticipated that further discovery,

investigation, legal research and analysis will supply additional factual conclusions and legal

contentions.   BMAK serves the right to rely on such additional discovery, investigation, legal

research and analysis, and to make such additions, changes, and variations to these responses as

warranted thereby. These responses are made in a good faith effort to supply as much

information and specification as is presently known, but shall not prejudice BMAK in relation to further discovery, research or analysis.

2.      Each response herein is subject to all objections on any grounds that would require exclusion of all or part of any statement herein as if such request was asked of, or statements contained herein were made by, a witness testifying at trial, all such objections being expressly reserved.

3.      BMAK's identification of documents and/or providing information herein shall not be construed as an admission of BMAK that any such document and/or information is either relevant or admissible for any purpose, including trial, in the above-referenced matter.

4.      No incidental or implied admissions are intended by the responses made herein. The fact that BMAK has answered or objected to any Interrogatory is not an admission that BMAK admits the existence of any "facts" set forth or assumed by such request.

## GENERAL OBJECTIONS

1.      BMAK objects to all Interrogatories that attempt to require BMAK to provide information not within its possession, custody or control, or within the possession, custody, or control of any of its representatives, employees, agents, or attorneys.

2.      The absence of an objection that an Interrogatory is irrelevant is not intended to be a waiver of that objection and BMAK reserves the right to object on relevancy grounds at any stage of these proceedings.

3.      BMAK has responded to these Interrogatories to the extent of its current knowledge and available information. However, BMAK's discovery and investigation in preparation for trial of this matter has not been completed as of the date of these responses, and therefore, BMAK does not purport to state anything more than the information presently known

to or discovered by it  BMAK specifically reserves the right to supplement, modify, or amend its responses or to present additional information at a later date.

4.     BMAK has based its responses upon the assumption that Plaintiff did not intend to seek information protected against discovery by the attorney-client privilege or the attorney work product doctrine.  To the extent any Interrogatory or any party thereof is intended to elicit such information, BMAK objects thereto and asserts the protection and privileges provided thereby to the fullest extent.

5.     BMAK objects to Plaintiff's Interrogatories which attempt to require BMAK to identify "all" persons with knowledge" or "all documents" on the grounds that such Interrogatories are unduly burdensome, oppressive, and overbroad.

6.     BMAK objects to Plaintiff's Interrogatories to the extent they utilize the word "identify" in such a manner as to render the Interrogatory unduly burdensome, oppressive and overbroad.

7.     BMAK objects to Plaintiff's Interrogatories on the grounds that they are unduly burdensome and oppressive to the extent that the Interrogatories require BMAK to state specific facts, documents, conversations, agreements and personal knowledge upon which BMAK bases a denial of an abstract, vague, general and incomprehensible assertion by Plaintiff.  In many cases, it is difficult, if not impossible, to prove a negative or a nonexistence, particularly when BMAK is given no specific facts to refute. Accordingly, BMAK reserves its right to introduce any additional information when and if Plaintiff makes specific supported assertions.

Referencing and expressly incorporating each of these general objections, BMAK hereby responds as follows:

3

**ANSWERS TO INTERROGATORIES**

1.      Identify the total number of consumers who were sent a Notice substantially similar or materially identical to the Notice delivered to Plaintiff (attached as Exhibit B to the Complaint), from March 17, 2014 to the present.

**ANSWER:**   Objection is made to this interrogatory on the grounds that Plaintiff's definition of "consumers" is overly broad and not reasonably calculated to lead to the discovery of admissible evidence relating to class certification issues.  Subject to and without waiving the foregoing objection, BMAK estimates that BMAK sent between 250 and 1000 Notices similar to Exhibit B to natural persons within the previous two years.  Redacted copies of such Notices in BMAK's possession, custody and control are being produced in response to paragraph 2 of Plaintiff's First Request for Production.

2.      Identify the total number of consumers who were sent a Notice substantially similar or materially identical to the Notice delivered to Plaintiff (attached as Exhibit B to the Complaint) from March 13, 2013 to the present.

**ANSWER:** Objection is made to this interrogatory on the grounds that Plaintiff's definition of "consumers" is overly broad and not reasonably calculated to lead to the discovery of admissible evidence relating to class certification issues.  Subject to and without waiving the foregoing objection, BMAK estimates that BMAK sent between 250 and 1000 Notices similar to Exhibit B to natural persons within the previous two years.  Redacted copies of such Notices in BMAK's possession, custody and control are being produced in response to paragraph 2 of Plaintiff's First Request for Production.

3.      Identify the person(s) who drafted and/or who have the most knowledge regarding the Notice (attached as Exhibit B to the Complaint) at issue in this lawsuit.

**ANSWER:** The Notices were prepared by Linda Pisani and Lauren Merriam.  Lauren Merriam has knowledge regarding the Notice.

4.      Identify all policies and procedures in place from March 17, 2013 to the present, regarding Your compliance with the Florida Consumer Collection Practices Act (FCCPA) and the Fair Debt Collection Practices Act.

**ANSWER:** Objection is made to this interrogatory on the grounds that the interrogatory constitutes impermissible discovery regarding merits issues and is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence relating to class certification issues.  Subject to and without waiving the foregoing objections, Linda Pisani, Lauren Merriam and Bradford Tropello researched and analyzed Florida and federal statutes and case law relating to compliance with the FDCPA and the FCCPA and updated the Notice based upon new developments in the law relating to FDCPA and FCCPA compliance.  Ms. Pisani, Mr. Merriam and Mr. Tropello also attended continuing legal education ("CLE") courses relating to FDCPA and FCCPA compliance issues.

5.      Please state Your current net worth, including the calculation use by You to determine this amount.

**ANSWER:**   See documents to be produced in response to paragraph 4 of Plaintiff's First Request for Production.

6.      Please state the names of any accountants or other professionals used by You in managing Your current assets and liabilities, during the last three years.

**ANSWER:**    Collier, Jernigan & Goedert, P.A.
550 N.E. 25th Avenue
Ocala, FL 34470

7.      Please identify all Balance Sheets created during the last three years which calculates Your assets and liabilities.

**ANSWER:**   Objection is made to this interrogatory on the grounds that the interrogatory is overly broad, irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence regarding class certification issues.   Subject to and without waiving the foregoing objections, See documents to be produced in response to Paragraph 4 of Plaintiff's First Request for Production.

## VERIFICATION PAGE

These answer and responses have been provided by:


By: _____
(Signature)


_____
(Print Name)

STATE OF _____
COUNTY OF _____

Before me, the undersigned authority duly authorized to administer oaths and take

acknowledgements, PERSONALLY APPEARED, _____, who is

personally known to me or has produced _____ as

identification and who, upon first having been duly sworn, did depose and say that the answers

and responses to the foregoing interrogatories propounded by Plaintiffs are true and correct.


_____
NOTARY PUBLIC
TYPED NAME: _____
COMMISSION EXPIRES:_____
COMMISSION NUMBER: _____

Respectfully submitted,

**MARSHALL DENNEHEY
WARNER COLEMAN & GOGGIN**

By:    */s/ Patrick M. DeLong*
        Patrick M. DeLong
        Florida Bar No.: 0982415
Primary:  pmdelong@mdwcg.com
        100 NE 3rd Avenue, Suite 1100
        Fort Lauderdale, Florida 33301
        Phone:  (954) 847-4920
Secondary:  ajmastrangelo@mdwcg.com

Attorneys for *Defendant, Blanchard
Merriam Adel & Kirkland, P.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by e-mail on  Steven T. Simmons, Jr., Esq., Varnell & Warwick, P.A., P.O. Box 1870, Lady Lake, Florida 32158,  ssimmons@varnellandwarwick.com;  bwarwick@varnellandwarwick.com;  and jvarnell@varnellandwarwick.com, this 10th day of August, 2015.

By    /s/*Patrick M. DeLong*

LEGAL/101058252.v1

8