# EXHIBIT 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO. 5:15-cv-130-OC-30-PRL

JOSEPH IOIME, on behalf of himself
and all others similar situated,

    Plaintiff,

vs.

BLANCHARD, MERRIAM, ADEL
& KIRKLAND, P.A. a Florida Corporation,
And OCALA PALMS OPERATIONS, LLC,
A Florida Company,

    Blanchard.
_____/

## CLASS ACTION SETTLEMENT AGREEMENT

This Settlement Agreement is entered into this 11th day of February, 2016, by and between JOSEPH IOIME ("Plaintiff"), on the one hand, and Blanchard BLANCHARD, MERRIAM, ADEL & KIRKLAND, P.A. ("Blanchard"), on the other. All the parties to this Settlement Agreement ("Agreement") shall collectively be referred to as the "Parties" or the "Settling Parties." This Stipulation is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as the term is defined below), upon and subject to the terms and conditions hereof, and subject to the approval of the Court.

## RECITALS

WHEREAS, Plaintiff filed a class action lawsuit on March 17, 2015, in the United States District Court for the Middle District of Florida, captioned *Joseph Ioime v. Blanchard, Merriam,*

*Adel & Kirkland, P.A. and Ocala Palms Operations, LLC,* CASE NO. 5:15-cv-130-OC-30-PRL (the "Lawsuit");

WHEREAS, Plaintiff alleged that Blanchard violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a, *et seq*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq*., in that (i) the standardized collection letters sent to consumers improperly required consumers to dispute the validity of their debts in writing, *see* 15 U.S.C. § 1692g(a)(3), §§559.72(7) and (9), *Florida Statutes*; (ii) the standardized collection letters sent to consumers threatened the filing of a Claim of Lien on the debtor's home without intending to do so, *see* 15 U.S.C. § 1692e, § 1692e(5), § 1692e(10) and §§559.72(7), *Florida Statutes*; (iii) the standardized collection letters sent to consumers improperly included conflicting amounts due, *see* 15 U.S.C. § 1692e, § 1692e(2)(A), and § 1692e(10); and (iv) Blanchard attempted to collect "Processing Fees" that were not authorized by the Declaration of Ocala Palms, *see* 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(10), § 1692f(1) and §§559.72(7) and (9), *Florida Statutes*;

WHEREAS, on June 11, 2015, Blanchard filed its Answer to the Complaint;

WHEREAS, the Parties proceeded with informal and confirmatory discovery, including written discovery and document production;

WHEREAS, on December 21, 2015, counsel for the Parties participated in a voluntary mediation in Ocala, Florida, with mediator Stephen W. Johnson.  Although this initial mediation did not result in an agreement, the Parties were able to agree on a structure.  Negotiations continued over the next three weeks and the parties were able to reach an agreement in principle for the total amount of money to be paid by Blanchard for the benefit of the members of the Class;

WHEREAS, the negotiations eventually led to an agreement to settle the Lawsuit, subject to approval of the Court;

WHEREAS, counsel for Plaintiff has thoroughly analyzed the applicable law and all of the facts, and has concluded that the proposed settlement herein is fair and reasonable and in the best interest of the Class (hereafter defined) because it provides substantial and immediate relief and avoids the considerable risks and delays of further litigation;

WHEREAS, although Blanchard asserts that the complained of conduct did not violate any statute and was entirely appropriate and lawful, Blanchard believes that the settlement proposed herein is desirable in order to avoid further significant burden, expense, and inconvenience of protracted litigation, and the distraction and diversion of their personnel and resources. This Agreement, and all related documents, shall not be construed as or deemed to be evidence of or an admission or concession on the part of Blanchard, or any of the Class members, with respect to any claim of any fault or liability or wrongdoing or damage whatsoever;

WHEREAS, the Parties agree that the Released Claims were resolved in good faith following arms' length bargaining; that the settlement reflected herein confers substantial benefits upon the Parties; and that, based upon their evaluation, achieves a result that is fair, reasonable, and adequate; and

WHEREAS, the Parties intend this Agreement to bind Blanchard, Joseph Ioime (as Class Representative and individually) and all Class members who do not request exclusion from the Class.

**TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

NOW, THEREFORE, in light of the foregoing, in consideration of the terms and conditions set forth herein, which the Parties acknowledge are good and valuable consideration for this Agreement, the Parties agree and stipulate, subject to approval by the Court, as follows:

1.  Definitions.

As used in this Agreement and its incorporated Exhibits, the following terms have the meanings specified herein:

"Agreement" means this Settlement Agreement and Release entered into between Blanchard, on the one hand, and the Class Representative, individually and on behalf of Class Members, on the other hand, in the Lawsuit, including all terms and conditions set forth herein.

"Blanchard" refers to Blanchard, Merriam, Adel & Kirkland, P.A.

"Complaint" refers to the Complaint filed by Joseph Ioime individually and on behalf of all those similarly situated in the action entitled captioned *Joseph Ioime, on behalf of himself and all others similarly situated, v. Blanchard, Merriam, Adel & Kirkland, P.A. and Ocala Palms Operations, LLC,* CASE NO. 5:15-cv-130-OC-30-PRL.

"Claiming Class Members" means those Class Members who submit a valid and timely Claim Form as more fully set forth herein to register their claim for recovery from the Settlement Fund under this Agreement.

"Claim Form" is the form that Class Members must complete, and agree to under penalty of perjury stating entitlement to a claim and submit to the Settlement Administrator, in the form of Exhibit B incorporated herein by reference.

"Class" or "Class Member(s)" means the Class of consumers, defined as "All consumers located in Florida who were sent a Collection Letter from BLANCHARD, MERRIAM, ADEL & KIRKLAND, P.A. in connection with an attempt to collect a consumer debt, where the Collection Letter was substantially similar or materially identical to the Collection Letter delivered to

Plaintiff (Exhibit A attached hereto), from March 17, 2013 through December 21, 2015."

"Class Counsel" or "Plaintiff's Counsel" refers to Varnell & Warwick, P.A.

"Class List" is the list to be compiled by Blanchard of each person with an account at who Blanchard's records indicate was sent one or more letters to collect a consumer debt which was substantially similar or materially identical to Exhibit A.

"Class Notice" is the Notice of Class Action Settlement, in the form of Exhibit C, incorporated herein by reference.

"Class Period" is the period to which the settlement and this Agreement applies, as specified in the definition of the Class, above.

"Class Representative" refers to Plaintiff Joseph Ioime as representative of the Class.

"Court" means the United States District Court, Middle District of Florida, Ocala Division in which this Lawsuit is pending, and to which presentation of this Agreement for judicial review and approval will be made.

"Defense Counsel" means Marshall Dennehey Warner Coleman & Goggin, P.C., 100 NE Third Avenue, Suite 1100, Fort Lauderdale, Florida 33301 (Patrick M. DeLong, Esq.).

"Effective Date" shall mean when the last of the following with respect to the Final Approval Order approving the Settlement Agreement has occurred: (i) the expiration of three business days after the time to file a motion to alter or amend the Final Approval Order under the Federal Rules of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of three business days after the time in which to appeal the Final Approval Order has passed without any appeal having been filed (which date shall be deemed to be 33 days following the entry of the Final Approval Order, unless the date to take such appeal shall have been extended by Court order or otherwise, or unless the 33rd day falls on a weekend or a

Court holiday, in which case the date for purposes of this Settlement Agreement shall be deemed to be the next business day after such 33rd day); and (iii) if such motion to alter or amend is filed, or if an appeal is taken, three business days after a determination of any such motion or appeal that permits the consummation of the settlement in accordance with the terms and conditions contained within this Settlement Agreement.

"Final Approval Hearing" means the hearing scheduled to consider final approval of the settlement and awards to the Class Representative and Class Counsel.

"Final Approval Order" or "Judgment" means the order to be rendered by the Court upon final approval of this Settlement Agreement.

"Lawsuit" means the civil action known as *Joseph Ioime, on behalf of himself and all others similarly situated, v. Blanchard, Merriam, Adel & Kirkland, P.A. and Ocala Palms Operations, LLC,* CASE NO. 5:15-cv-130-OC-30-PRL, United States District Court, Middle District of Florida, Ocala Division.

"Party" refers individually to the Class Representative, on behalf of himself and Class Members, and Blanchard, Merriam, Adel & Kirkland, P.A. Collectively, these are referred to as the "Parties."

"Preliminary Approval Order" means the order granting preliminary approval of the settlement.

"Settlement Administrator" refers to the firm of Dahl Administration, which Blanchard has hired and will pay for separate and apart from the amounts to be paid for the benefit of the Class, attorneys' fees and costs and the individual settlement and service award for the Class

Representative, and which will be responsible for the administration of this class action settlement as more fully described herein.

"Settlement Fund" is the Six Thousand Dollars ($6,000.00) which shall be used to pay all financial consideration to the Class Members who submit valid and timely Claim Forms as described in Section 3 below.

2. Settlement Terms and Procedures

2.1. The Parties have agreed to settle the case on behalf of the Class.

2.2. Blanchard has represented that the size of the Class is approximately 219 persons, and Plaintiff has relied on that representation in entering into this Settlement Agreement.

2.3. After execution of this Agreement, counsel for the parties shall file a Joint Motion for Preliminary Approval asking the Court to grant preliminary approval to this Settlement and approve the form of Notice to the Class and the method for issuing notice set forth herein.

2.4. Within ten days after the filing of the Motion for Preliminary Approval including this proposed Settlement Agreement, Blanchard shall send notice to governmental agencies to the extent required by 28 U.S.C. § 1715, and shall file a certificate of such service with the Court, such notifications to be completed by Blanchard at its own expense.

2.5. At least ten (10) days prior to a scheduled Final Approval Hearing, Class Counsel shall file a Motion and Memorandum of Law requesting the Court to grant final approval of the settlement, and for entry of the proposed Final Approval Order to be agreed to by the Parties and submitted to the Court along with the Memorandum of Law.

2.6. At least ten (10) days prior to the Final Approval Hearing, Class Counsel shall file a motion requesting the Court to approve an individual settlement and service award to the Class Representative in the amount of two thousand dollars ($2,000.00), and an award of attorneys'

7

fees and costs to Class Counsel in an amount not to exceed twenty-eight thousand dollars ($28,000.00). Blanchard does not object to the amounts requested. Blanchard agrees to pay the amounts approved by the Court.

2.7. Within five (5) calendar days after the Preliminary Approval Order is entered, Blanchard shall make payment to the Settlement Administrator in an amount adequate to (1) cover the costs of printing and mailing Notice and Claim Forms to the Class as set forth below in Section 3; (2) reviewing Claim Forms, and (3) for issuing and mailing Settlement Checks to the Class. This amount shall be in addition to and independent of the Six Thousand Dollars ($6,000.00) being issued to the Class.

2.7    The following payments shall be made by Blanchard on the settlement's Effective Date:

   a)   the sum of Six Thousand Dollars ($6,000.00) to the Settlement Administrator to be paid and distributed on a *pro rata* basis to the Claiming Class Members who submit valid and timely Claim Forms in the form attached hereto as Exhibit B within the Claims Period;;

   b)   the sum of two thousand dollars ($2,000.00) as an individual settlement and service award to the Class Representative, subject to the approval of the Court, upon motion filed not later than ten (10) days prior to the Final Approval Hearing; and,

   c)   the Plaintiff's reasonable attorneys' fees and expenses, in an amount not to exceed twenty-eight thousand dollars ($28,000.00), subject to the approval of the Court. Except for the reasonable attorneys' fees and costs set by the Court, not to exceed $28,000.00, Blanchard shall not be liable for any attorneys' fees or litigation expenses and costs of Class Counsel, the Class Representative or any other Class Member in connection with the Lawsuit or

8

any claim that is related to this Lawsuit or that was or could have been alleged in the Lawsuit, or any class notice or claims administration costs or expenses. Except as otherwise provided above, Class Counsel shall not seek any fees or expenses from Blanchard in connection with the Lawsuit and the settlement set forth herein, including, without limitation, any fees or expenses incurred in connection with final approval of the settlement, any objection(s) or appeal(s), expert fees, class notice or claims administration, or other fees or expenses.  Blanchard agrees that it will not seek to recover its costs, attorneys' fees, or expenses in connection with the Lawsuit from any Class Member.

    d) Payment to each Claiming Class Member shall be in the form of a check issued by the Settlement Administrator, and made payable to "[Name of Class Member]" and mailed within fifteen (15) days after the Effective Date.  The entire Six Thousand Dollar ($6,000.00) Settlement Fund shall be disbursed equally to all Claiming Class Members on a pro-rata basis.  For example, if 150 of the 219 Class Members file claims, each Claiming Class Member would receive their pro-rata share of the Settlement Fund, or $40 each ($6,000 ÷ 150 = 40).

    e) Each check issued pursuant to this Agreement shall be void if not negotiated within ninety (90) days after its date of issue, and shall contain a legend to such effect.  Checks that are not negotiated within ninety (90) days after their date of issue shall not be reissued.  All payments that are unclaimed by Settlement Class members, including all returned checks and all checks not cashed within ninety (90) days after the date of issue, shall revert to the Settlement Fund, as described in subsection (f) below.

    f) After payment of all such checks to Claiming Class Members, any amount remaining in the Settlement Fund shall be distributed as a Cy Pres Award to Community Legal

9

Services of Mid Florida, the Local Legal Aid Foundation for Marion County Florida. The Settlement Administrator shall forward the funds payable to the Cy Pres Recipient, within thirty (30) days after the expiration of the ninety (90) day period following issuance of the checks.

3.  Notice and Claims Administration and Procedure:

    3.1.    The Settlement Administrator will certify the number and identity of the Class members under the Class definition, and compile a final Class Member list. To assist in this process, Blanchard shall provide, within ten (10) business days after entry of the Preliminary Approval Order, a Class Member list in readable electronic form to the Settlement Administrator. For each Class Member, Blanchard shall provide the name and last known address. In preparing the Class Member List, Blanchard shall use reasonable, good faith efforts to identify Class Members. The Settlement Administrator shall ensure that the information that it receives from Blanchard and Class Members is secured and managed in such a way as to protect the security and confidentiality of the information, consistent with the privacy policies of Blanchard as well as applicable law. Except as specifically provided in this Agreement, the Settlement Administrator shall not disclose or disseminate any information that it receives from Blanchard and Class Members without the prior written consent of all Parties.

    3.2.    Within thirty (30) days after the Court enters the Preliminary Approval Order, the Settlement Administrator will mail Notice to the Class subject to any changes made by the Court, to each Class Member at their last known address, as updated by the Settlement Administrator with one round of skip-tracing.

    3.3.    With respect to those persons whose Notice by regular mail is returned to the Settlement Administrator as undeliverable, the Settlement Administrator shall promptly attempt

to obtain an updated address for each such person from the United States Post Office, and if such an address is obtained, shall resend the Notice to that updated address.

      3.4.    The Parties agree that the Class Notice fairly informs the Class Members of the general nature of the litigation, the financial and other terms of the Agreement particularly significant for the Class Members, the general procedures for and consequences of making a claim and objecting to the Settlement Agreement, and the date of the final approval hearing.

      3.5.    Compliance with the procedures described herein shall constitute due and sufficient notice to Class Members of this proposed settlement for the Final Approval Hearing, and shall satisfy the requirement of due process.  Nothing else shall be required of, or done by, the Parties, Class Counsel, Defense Counsel, or the Settlement Administrator to provide notice of the proposed settlement and the final approval hearing as described herein.

      3.6.    No later than ten (10) days prior to the Final Approval Hearing, the Settlement Administrator shall file with the Court and serve on the Parties a list of all persons who have timely opted-out of the Class and/or who have timely objected to the settlement by submitting such opt-out requests and such objections postmarked no later than 70 days after the date of mailing the Notice, as compiled by the Settlement Administrator.  The Settlement Administrator shall also at that time supply the Parties with its determination as to whether any request to opt out of the Class was not submitted timely.  Thereafter, the Settlement Administrator shall provide written notification to any Class Member whose request to opt out of the Class was not submitted on a timely basis and allow that Class Member ten (10) days to submit a Claim Form.

      3.7.    If more than five (5) Class Members provide notice of their intention to opt out from the Class within the permissible time period as described in the preceding section, Blanchard shall have the option to terminate this Agreement.  If Blanchard terminates this

Agreement, this Agreement shall be null and void and this settlement of no force and effect. Blanchard shall give notice of such termination in writing to Class Counsel and the Settlement Administrator no later than ten (10) days after the day it receives the list of Class Members who have requested exclusion from the Class as described in Section 3.6, above.

4.   Release

    4.1.   For the consideration stated herein, the receipt and sufficiency of which are hereby acknowledged, Plaintiff agrees that the Lawsuit shall be dismissed with prejudice, and Plaintiff and all Class Members who do not timely exclude themselves from the Class, on behalf of themselves, their heirs, assigns, executors, executors, administrators, successors, agents, attorneys, representatives and assigns, hereby remise, release and forever discharge Blanchard, its parents, subsidiaries, predecessors, successors, assignees, present and former officers, directors, employees, shareholders, representatives, insurers, and attorneys (collectively the "Released Parties"), from any and all liabilities, causes of actions, and claims that were asserted in the Complaint.

    4.2.   In addition, the Class Representative, for himself only and not on behalf of the members of the Class, hereby fully, finally, irrevocably, and forever releases the Released Parties from any and all liabilities, claims, causes of action, damages, costs, attorneys' fees, losses, or demands, whether known or unknown, existing or potential, suspected or unsuspected, of any kind or nature whatsoever.

    4.3.   Upon the Effective Date, Blanchard, for itself, and on behalf of the Released Parties, shall release and forever discharge the Class Representative Plaintiff, the Class and their present and former attorneys, administrators, heirs, agents, insurance carriers, successors, and assigns, from any and all causes of action, claims, and demands of any nature whatsoever,

asserted or unasserted, arising out of, or relating in any way to, the institution, prosecution, or resolution of the Lawsuit.  Nothing contained in this Settlement Agreement shall be construed to reduce the amount of debts owed to third-parties as referenced in the letters issued to the Class by Blanchard, and no release of same is contemplated by this paragraph.  In addition, nothing in this Settlement Agreement shall be construed to preclude or limit the right of a Class Member to assert any claims or defenses to debt collection attempts by Blanchard (whether judicial or non-judicial), other than the claims described in Section 4.1.

5. No Admission of Liability.

   5.1. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims.  No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made or an acknowledgment or admission by any Party of any fault, liability or wrongdoing of any kind whatsoever.

6. Collateral Attack and *Res Judicata.*

   6.1. To the extent permitted by law, the Agreement and/or Judgment may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of this Agreement.  Blanchard may file this Agreement and/or the Judgment in any action that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

7. <u>Non-Evidentiary Use.</u>

    7.1. Except as provided herein, neither this Agreement nor any of its terms shall be offered or used as evidence by any of the Parties, Class Members, or their respective counsel in the Lawsuit or in any other action or proceeding; provided, however, that nothing contained in this section shall prevent this Agreement from being used, offered, or received in evidence in any proceeding to enforce, construe, or finalize the settlement and this Agreement.

8. <u>Nullification</u>

    8.1. If (1) the Court should for any reason deny with prejudice preliminary approval of the settlement; or (2) the Court should for any reason fail to approve this Agreement in the form agreed to by the Parties; or (3) the Court should for any reason fail to enter the Judgment; or (4) the Judgment is reversed, modified, or declared or rendered void; or (5) Blanchard terminates this Agreement for reasons permitted herein, then (i) this Agreement shall be considered null and void, notwithstanding the severability clause in this Agreement, (ii) neither this Agreement nor any of the related negotiations or proceedings shall be of any force or effect, and (iii) all Parties to this Agreement shall stand in the same position, without prejudice, as if the Agreement had been neither entered into nor filed with the Court.,

    8.2. In the event of a timely appeal from the Judgment, the Judgment shall be stayed, the fees and reimbursement of expenses to Class Counsel shall not be paid, and the Settlement Fund shall not be distributed to Claiming Class Members pending the completion of the appeal.

9. <u>Non-Disparagement.</u>

    9.1. The Parties shall abstain from making, publishing, posting, aiding, or authorizing the publication of any false or defamatory statements to any other person about each other.

10.     Extensions of Time.

    10.1.   Unless otherwise ordered by the Court, the Parties may jointly agree to reasonable extensions of time to carry out any of the provisions of this Agreement.

11.     No Pending Action.

    11.1.   Each of the Parties represents and warrants that they are not aware of any other lawsuits or administrative proceedings involving Blanchard regarding the subject matter of the Lawsuit.

12.     Construction and Intent.

    12.1.   This Agreement is executed voluntarily by each of the Parties without any duress or undue influence on the part, or on behalf, of any of them.  This Agreement has been negotiated at arms-length by parties of equal bargaining power, and drafted jointly by Class Counsel and Defense Counsel.  Each of the Parties has had full opportunity to review and consider the contents of this Agreement, have read and fully understand the provisions of this Agreement, and have relied on the advice and representation of legal counsel of their own choosing.  In the event that a dispute arises with respect to this Agreement, no Party shall assert that any other Party is the drafter of this Agreement, for purposes of resolving ambiguities that may be contained herein.  If any provision of this Agreement shall be deemed ambiguous, such provision shall not be construed against any Party on the basis of the identity of the purported drafter of this Agreement.

    12.2.   The Parties intend this Agreement to be a final and complete resolution of all disputes between them with respect to the Lawsuit.

    12.3.   The Parties agree that the Agreement was negotiated in good faith by the Parties.

12.4. The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute part of this Agreement.

12.5. As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

13. Governing Law.

13.1. The Agreement shall be construed in accordance with, and be governed by, the laws of the State of Florida, without regard to the principles thereof regarding choice of law. The sole and exclusive forum for resolution of any disputes arising under or related to this agreement shall be the federal courts located in the State of Florida.

14. Survival of Warranties and Representations.

14.1. The warranties and representations of this Agreement are deemed to survive the date of execution hereof.

15. Representative Capacity.

15.1. Each person executing this Agreement in a representative capacity represents and warrants that he or she is empowered to do so.

16. Counterparts.

16.1. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. The Agreement may be executed by facsimile signature.

17. <u>Cooperation of the Parties.</u>

17.1. The Parties acknowledge that it is their intent to consummate this Agreement and agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Agreement. Specifically, the Parties to this Agreement agree to prepare and execute all documents, to seek Court approvals, defend Court approvals, and to do all things reasonably necessary to complete the settlement described in this Agreement. Further, the Parties will comply in good faith with the terms and conditions of the Agreement.

17.2. Should any dispute arise among the Parties or their respective counsel regarding the implementation or interpretation of this Agreement, a representative of Class Counsel and a representative of Defense Counsel shall meet and confer in an attempt to resolve such disputes prior to submitting such disputes to the Court.

18. <u>Severability.</u>

18.1. If any portion, provision, or part of this Agreement is held, determined or judged to be invalid, unenforceable, or void, for any reason whatsoever, each such portion, provision, or part shall be severed from the remaining portions, provisions, or parts of this Agreement and shall not affect the validity or enforceability of such remaining portions, provisions, or parts, unless doing so would deprive a Party of a benefit of its bargain.

19. <u>Notices.</u>

19.1. All notices and documents to Class Counsel and Defense Counsel provided for herein shall be sent via email in portable document format (pdf) or, if too large to send in that format, by U.S. Mail.

19.2. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of notice to the Class.

20. <u>Modification and Amendment.</u>

20.1. This Agreement contains an entire, complete, and integrated statement of each and every term and provision agreed to by and among the parties; it is not subject to any condition not provided for herein. This Agreement shall not be modified in any material respect except by a writing executed by all the parties hereto.

21. <u>Binding on Successors and Assigns.</u>

21.1. The Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement as of the date written above.

*[signature]*
Janet R. Varnell, Esq.
Steve T. Simmons, Esq.
Varnell & Warwick. P.A.
P.O. Box 1870
Lady Lake, FL 32158
352-753-8600
*Attorneys for Plaintiff*
*Joseph Ioime and the Class*

*[signature]*
Joseph Ioime

*[signature]*
Patrick M. DeLong, Esq.
MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN, P.C.
100 NE THIRD AVENUE, SUITE 1100
Fort Lauderdale, FL 33301
954-847-4920
*Attorneys for Blanchard, Merriam, Adel &*
*Kirkland, P.A.*

*[signature]*
On behalf of Blanchard, Merriam, Adel &
Kirkland, P.A., by

President Rock F Blanchard , Its