# EXHIBIT C

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO. 5:15-cv-130-OC-30-PRL

JOSEPH IOIME, on behalf of himself
and all others similar situated,

    Plaintiff,

vs.

BLANCHARD, MERRIAM, ADEL
& KIRKLAND, P.A. a Florida Corporation,
and OCALA PALMS OPERATIONS, LLC,
A Florida Company,

    Defendants.
_____/

## If you were sent a collection letter from BLANCHARD, MERRIAM, ADEL & KIRKLAND, P.A from March 17, 2013 through December 21, 2015, you may be eligible for benefits from a class action settlement.

*A Federal Court authorized this Notice.*
*This is not a solicitation from a lawyer.*

There is a proposed class action settlement with BLANCHARD, MERRIAM, ADEL & KIRKLAND, P.A ("Blanchard"), who has sent letters to consumers attempting to collect consumer debts. Plaintiff alleges that Blanchard violated the Federal Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA") in that the standardized collection letters (1) improperly required consumers to dispute the validity of their debts in writing; (ii) threatened the filing of a Claim of Lien on the debtor's home without actually intending to do so; (iii) improperly included conflicting amounts due; and (iv) attempted to collect "Processing Fees" that were not authorized by the Declaration of Ocala Palms.

The settlement provides that the lawsuit may proceed as a class action on behalf of:

# EXHIBIT C

All consumers located in Florida who were sent a Notice from BLANCHARD, MERRIAM, ADEL & KIRKLAND, P.A. in connection with an attempt to collect a consumer debt, where the Notice was substantially similar or materially identical to the Notice delivered to Joseph Ioime (Exhibit A attached hereto) ,from March 17, 2013 through December 21, 2015.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT

| | |
|---|---|
| **FILE A CLAIM** | **Participate in the settlement and receive benefits. Give up certain rights.**<br><br>By filing the Claim Form included with this Notice, you will receive the benefits described more fully below. You give up any right to sue Defendant individually for recovery of damages for the same legal claims that are in this lawsuit. |
| **ASK TO BE EXCLUDED** | **Remove yourself from this class action. Get no benefits. Keep certain rights**.<br><br>If you ask to be excluded you will not receive any of the benefits described below. However, you will keep any rights you may have to sue Defendant separately about the same legal claims that are in this lawsuit. Note: the statute of limitations on such claims may have run. |
| **OBJECT** | **File a notice with the Court communicating why you think the settlement should not be approved.** |
| **DO NOTHING** | **Decide not to file a Claim Form. Give up certain rights.**<br><br>By doing nothing, you will not be eligible to share in the settlement being paid by Defendant described more fully below. You give up any rights to sue Defendant individually for recovery of damages for the same legal claims that are in this lawsuit.<br>YOU MUST FILE A CLAIM TO RECIVE BENEFITS |

- Your rights and options—and the deadlines to exercise them— are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement. If it does, benefits will be distributed to Class Members who have filed timely and valid Claims.   Please be patient.

- Any questions? Call Class Counsel, Varnell & Warwick, P.A. at (352) 753-8600

# EXHIBIT C

## BASIC INFORMATION

**1.     Why did I get this notice?**

There is a proposed settlement with Blanchard in a class action lawsuit about whether it violated federal and state debt collection laws. Records provided by Blanchard show you were sent such a letter.

**2.     What is this lawsuit about?**

Plaintiff, Joseph Ioime, sued Blanchard alleging that it violated federal and state debt collection law in that the standardized collection letters sent to consumers (i) improperly required consumers to dispute the validity of their debts in writing; (ii) threatened the filing of a Claim of Lien on the debtor's home without intending to do so; (iii) improperly included conflicting amounts due; and (iv) attempted to collect "Processing Fees" that were not authorized by the Declaration of the underlying creditor, Ocala Palms.

**3.     What is a class action and who is involved?**

In a class action lawsuit, one or more people called the "Class Representative," in this case Joseph Ioime, sued Blanchard on behalf of other people who have similar claims because they all received the substantially same collection letter. All of the people together are called a "Class" or "Class Members." Mr. Ioime is also called the Plaintiff and the Class Representative. Mr. Ioime brought a lawsuit against BLANCHARD, MERRIAM, ADEL & KIRKLAND, P.A ("Blanchard") a Florida law firm that issued collection letters on behalf of its creditor cleints. One court will resolve the issues for everyone in the Class, except for those people who choose to exclude themselves from the Class.

**4.     Why is this lawsuit a class action?**

This lawsuit was brought as a class action because Plaintiff believes it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, that:

- There are many people to whom Blanchard mailed the collection letters at issue;

- There are legal questions and facts that are common to each of them;

- The claims of Plaintiff are typical of the claims of the rest of the Class;

- The Plaintiff and the attorneys representing the Class will fairly and adequately represent the interests of the Class;

- The common legal questions and facts are more important than questions that affect only individuals; and

- A class action is a more efficient method of adjudication than having many individual lawsuits.

3

# EXHIBIT C

**5.   Why is there a settlement?**

Mr. Ioime and Blanchard agreed to settle the claims alleged in the case to avoid the cost and risk of trial. The Class Representative and Class Counsel think the settlement is best for all Class Members. The amount of the settlement is based upon the net worth of Blanchard as required by the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act.

## WHO IS IN THE CLASS

You need to decide whether you are affected by this settlement.

**6.   Am I in the Class?**

The parties have agreed to a Settlement Class consisting of "All consumers located in Florida who were sent a Notice Letter from BLANCHARD, MERRIAM, ADEL & KIRKLAND, P.A. in connection with an attempt to collect a consumer debt, where the Notice was substantially similar or materially identical to the Notice delivered to Joseph Ioime (Exhibit A attached hereto), from March 17, 2013 through December 21, 2015."

If you meet this description, you are a member of the Class. You have been identified from Blanchard's records as having received a Notice Letter. There are approximately 219 members of the Settlement Class.

**7.   What does the settlement provide?**

The Settlement Agreement provides the following benefits:

Blanchard will pay the sum of $6,000 which will be divided equally among the members of the Class **who file valid and timely Claim Forms** (Claiming Class Members).

Subject to the approval of the Court, Blanchard will pay an individual settlement and service award to the Class Representative in the amount of $2,000 and Class Counsel's fees and expenses not to exceed $28,000. Blanchard will also pay the costs of settlement notice and claims administration, over and above these amounts.

The Settlement provides that uncashed checks or other leftover funds shall be paid to Community Legal Services of Mid Florida, the Local Legal Aid Foundation for Marion County Florida. No monies will revert to Blanchard.

**8.   What am I giving up as part of the settlement?**

Unless you opt out of or request to be excluded from the settlement, you will be giving up all rights to claims asserted in the case against Blanchard. You can find more information regarding the rights you will be giving up in the Settlement Agreement. You may talk to the lawyers representing the Class, listed in paragraph 13 below for free, or you can, at your own expense, talk to your own lawyer if you have any questions about the released claims or what they mean. Your claims against Ocala Palms, or other clients of Blanchard, and their potential

# EXHIBIT C

claims against you for the amounts allegedly owed in the Notice Letters will not be affected by this Settlement.

## YOUR RIGHTS AND OPTIONS

You have to decide whether to stay in the Class and file a Claim Form for benefits, ask to be excluded, or object to the settlement. You have until _____, 2016, to exclude yourself or to object to the settlement.

**9.     How can I get benefits?**

If you want to be part of the settlement and receive settlement benefits, you need to file a Claim with the Settlement Administrator no later than _____ 2016. For your convenience, a Claim Form has been provided with this notice or you can contact the Settlement Administrator at 1-800-____ or Class Counsel at (352) 753-8600. If the Court approves the settlement, you will be sent a check.

**10.    When will I get my benefits?**

If the Court grants final approval of the settlement, and there is no appeal of the Court's Final Approval Order, it is expected that checks will be mailed out to Claiming Class Members about sixty days later.

**11.    Why would I ask to be excluded?**

If you already have a lawsuit pending against Defendant for similar claims and want to continue with it, you need to ask to be excluded from the Class. If you believe you sustained damages in excess of the benefits achieved by the settlement as a result of Defendant's actions, you should consider whether you need to be excluded from the Class. If you exclude yourself from the Class – which also means to remove yourself from the Class, and sometimes called "opting-out" of the Class – you will not get any benefits from this settlement. If you exclude yourself, you will not be legally bound by the settlement in this class action, and you may then be able to sue or continue to sue Defendant on your own.

If you start your own lawsuit against Defendant after you exclude yourself, you may have to hire and pay your own lawyer for that lawsuit and you will have to prove your claims in court. If you do exclude yourself so you can start your own lawsuit against Defendant, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations or other time-sensitive requirements.

**12.    How do I ask the Court to exclude me from the Class?**

To ask to be excluded, you must send an "Opt-Out Request" in the form of a letter sent by U.S. Mail, facsimile or e-mail stating that you want to be excluded from the settlement in *Joseph Ioime v. Blanchard, Merriam, Adel & Kirkland, P.A.* CASE NO. 5:15-cv-130-OC-30-PRL. Be sure to include your name, address, and telephone number, and sign the letter. You must mail your Opt-Out Request postmarked or time-stamped by _____2016, to: *Joseph Ioime v. Blanchard, Merriam, Adel & Kirkland, P.A.,* Opt-Outs, P.O. Box ____, or fax the letter to

# EXHIBIT C

▓▓▓▓▓▓▓▓▓▓ or e-mail your request to ▓▓▓▓▓▓▓▓▓▓ .

## THE ATTORNEYS REPRESENTING YOU

**13.   Do I have an attorney in this case?**

The Court has appointed the law firm of Varnell & Warwick, P.A. as Class Counsel. Class Counsel's contact information is as follows:

> Varnell & Warwick, P.A.
> Steven T. Simmons
> P.O. BOX 1870
> LADY LAKE, FL 32158
> TEL:  (352) 753-8600
> ssimmons@varnellandwarwick.com

**14.   Should I get my own attorney?**

You do not need to hire your own lawyer because Class Counsel is working on your behalf.  But, if you want your own lawyer, you may retain one at your own expense.  For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

**15.   How will the lawyers and Class Representative be paid?**

At the Fairness Hearing, Class Counsel will ask the Court for approval of reasonable attorneys' fees and expenses as provided by the applicable laws, not to exceed $28,000. They will also ask for an individual settlement award of $2,000 for Plaintiff as Class Representative. The Court has not yet made any decision regarding the amount of attorneys' fees, costs, expenses, and Class Representative payment.  The fees, expenses, and awards that the Court orders, plus the costs to administer the settlement, will not reduce the benefits to Class Members.

## OBJECTING TO THE SETTLEMENT

**16.   How do I tell the Court if I do not like the settlement?**

If you are a Class Member, you can object to the settlement if you do not like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To do so, you must send in a written objection where your signature is verified by a notary public in the case, *Joseph Ioime v. Blanchard, Merriam, Adel & Kirkland, P.A.,* CASE NO. 5:15-cv-130-OC-30-PRL.  Be sure to include your full name, address, telephone number, your signature, your specific objections and the basis for them, confirmation that you are a member of the Class, and any legal support you wish to bring to the Court's attention and any evidence you wish to introduce in support of your objection.  Your written notice should indicate whether you or your lawyer intends to appear at the Fairness Hearing to object to the settlement. You must file your objection with the Court and send it to all of the addresses below by ▓▓▓▓▓▓▓▓, 2016:

# EXHIBIT C

| COURT | CLASS COUNSEL | BLANCHARD'S COUNSEL |
|---|---|---|
| UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA OCALA DIVISION, 207 N.W. Second Street Ocala, Florida 34475 352-369-4860 | Varnell & Warwick, P.A. Brian W. Warwick Janet Varnell P.O. BOX 1870 LADY LAKE, FL 32158 TEL: (352) 753-8600 bwarwick@varnellandwarwick.com jvarnell@varnellandwarwick.com | Patrick M. DeLong MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C. 100 NE 3rd Ave, Suite 1100, Fort Lauderdale, FL 33301 |

Filing a written objection with the Court is the only permissible way to contact the Court.

**DO NOT CALL THE COURT OR SEND CORRESPONDENCE TO THE JUDGE OR COURT STAFF**

### THE COURT'S FAIRNESS HEARING

**17.   When and where will the Court decide whether to approve the settlement?**

The Court is scheduled to hold a Fairness Hearing at 10:30a.m. on _____, 2016, at the United States District Court for the Middle District, Ocala Division, U.S. Courthouse, Room __, 207 N.W. Second Street, Ocala, Florida 34475, 352-369-4860. At the Fairness Hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and should be granted final approval. If there are objections, the Court will consider them. Class Counsel will also ask the Court for approval of their request for attorney's fees, costs, expenses, and settlement awards to the Class Representative.

**18.   Do I have to come to the Fairness Hearing?**

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend the hearing at your own expense. If you send in a written objection, you do not have to come to the Fairness Hearing to talk about it. As long as you filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend the Fairness Hearing, but it is not necessary.

**19.   May I speak at the Fairness Hearing?**

To speak at the Fairness Hearing, you must send a letter or other written document saying that the letter or document is your "Notice of Intent to Appear" in *Joseph Ioime v. Blanchard, Merriam, Adel & Kirkland, P.A.,* CASE NO. 5:15-cv-130-OC-30-PRL. Be sure to include your name, address, telephone number, and your signature. You also must include information about what you intend to say at the hearing and, if you will be represented by a lawyer other than Class Counsel, you must include the name, address, and telephone number of your lawyer. You must send copies of your "Notice of Intent to Appear" to all of the addresses listed in paragraph 16 above. Your Notice must be postmarked no later than _____, 2016. The Court will decide if you will be allowed to speak at the Fairness Hearing.

# EXHIBIT C

### GETTING MORE INFORMATION

**20.** <u>**Are more details available?**</u>

To obtain more information, you may speak to one of the attorneys representing the Class by calling: (352) 753-8600 or by e-mailing <u>ssimmons@varnellandwarwick.com</u>.