UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOSEPH IOIME, on behalf of himself
And all others similarly situated,

        Plaintiff,

v.                                          Case No.: 5:15-cv-130-OC-30-PRL

BLANCHARD, MERRIAM, ADEL &
KIRKLAND, P.A., et al.,

        Defendants.
_____/

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR CERTIFICATION OF SETTLEMENT CLASS AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff, JOSEPH IOIME ("Plaintiff" or "Mr. Ioime"), individually and on behalf of all others similarly situated, by and through his undersigned counsel, files this Memorandum of Law in Support of Joint Motion for Certification of Settlement Class and Preliminary Approval of the proposed Class Action Settlement. In support of the motion, Plaintiff states as follows:

### I.    THE LEGAL STANDARD FOR PRELIMINARY APPROVAL

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval for the compromise of claims brought on a class basis. Fed. R. Civ. P. 23(e). "Although class action settlements require court approval, such approval is committed to the sound discretion of the district court." In re U.S. Oil and Gas Litig., 967 F.2d 489, 493 (11th Cir. 1992). In exercising that discretion, courts are mindful of the "strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement." Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984). The policy favoring settlement is especially relevant in class actions and other complex matters, where the inherent costs, delays and risks of continued

litigation might otherwise overwhelm any potential benefit the class could hope to obtain. *See, e.g.*, Ass'n for Disabled Americans, Inc. v. Amoco Oil Co., 211 F.R.D. 457, 466 (S.D. Fla. 2002) ("There is an overriding public interest in favor of settlement, particularly in class actions that have the well-deserved reputation as being most complex.") (*citing* Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)); *see also* 4 Newberg on Class Actions § 11.41 (4th ed. 2002) (citing cases).

However, Courts may not approve class action settlements in reverse, by first determining that the settlement is fair, and thereby finding that certification is proper. Amchem Products, Inc. v. Windsor, 521 U.S. 591, 622 (1997). Accordingly, in granting preliminary approval, courts typically first certify the class for settlement purposes, and then consider the fairness of the settlement. A court must conduct a "rigorous analysis" to determine whether the elements of class action requirements have been met when the parties seek certification of the class and approval of their settlements simultaneously. Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 160-61, 102 S. Ct. 2364, 2372, 72 L. Ed. 2d 740 (1982).

The purpose of preliminary evaluation of proposed class action settlements is to determine whether the settlement is within the "range of reasonableness" such that notice should be issued to the class. 4 Newberg § 11.26. "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." Smith v. Wm. Wrigley Jr. Co., No. 09-cv-60646, 2010 WL 2401149, at *2 (S.D. Fla. June 15, 2010). Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See* Manual for Complex Litigation, Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement

2

reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

To approve a class action settlement, the trial court must find that the agreement was fair, reasonable, and adequate. Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir.1984). Some of the factors that should be considered in making this determination include: (1) the complexity and duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings; (4) the risk of establishing liability; (5) the risk of establishing damages; (6) the risk of maintaining a class action; (7) the ability of the defendant to withstand a greater judgment; (8) the reasonableness of the settlement in light of the best recovery; and (9) the range of reasonableness of the settlement in light of all the attendant risks of litigation. Id.

Courts have, at times, engaged in a "preliminary evaluation" of these factors to determine whether the settlement falls within the range of reason at the preliminary approval stage. *See, e.g.*, Smith, 2010 WL 2401149 at *2. The Court's grant of preliminary approval will allow Settlement Class Members to receive notice of the proposed Settlement's terms, and of the date and time of the Final Approval Hearing at which Settlement Class Members may be heard, and at which further evidence and argument concerning the fairness, adequacy, and reasonableness of the Settlement may be presented by the Parties. *See* Manual for Compl. Lit., §§ 13.14, 21.632. However, neither formal notice nor a hearing is required at the preliminary approval stage; the Court may grant such relief upon an informal application by the settling parties, and may conduct any necessary hearing in court or in chambers, at the Court's discretion. Id. § 13.14.

II. **FACTS RELEVANT TO SETTLEMENT**

This class action involves a standardized, one-page debt collection communication, titled "Notice Under The Fair Debt Collection Practices Act." (hereinafter "Notice"). The Notice is a

standardized form Notice accompanying all communications between BMAK LAW FIRM and the debtors it seeks to collect debts from. The pertinent parts of the Notice provide:

**NOTICE UNDER THE FAIR DEBT COLLECTION
PRACTICES ACT (The Act)
15 U.S.C. 1601, et seq., As Amended**

As of December 1, 2014, you owe the total amount of $1,331.57, as set forth in the document to which this Notice is attached.

The name of the Creditor is: Ocala Palms Operations, LLC.

The debt described in the document attached to this Notice will be assumed to be valid by the creditor's law firm unless the debtor or the debtor's attorney, within thirty (30) days of receipt of this notice, disputes, in <u>writing</u>, the validity of the debt or any portion thereof.

…

Written requests <u>required</u> by the Act should be addressed to: BRADFORD J. TROPELLO, ESQUIRE, of the law firm of Blanchard, Merriam, Adel & Kirkland, P.A., Post Office Box 1869, Ocala, Florida 34478.

Plaintiff asserts that the Notice violates both the FDCPA and FCCPA because 15 U.S.C. § 1692g(a)(3) and state law set forth no limitation as to the manner in which a consumer can dispute the validity of the alleged debt. However, in its Notice, BMAK states that in order to dispute the validity of the debt, Plaintiff and the class must notify the debt collector "in writing." The Notice does not allow for any other methods of communication, such as a phone call, email or facsimile from the consumer to dispute the validity of the debt. Plaintiff asserts that by requiring debtors to dispute the validity of their debts "in writing," BMAK unlawfully attempted to curtail some of the debtors' rights, including those that are triggered when a consumer disputes the debt through oral statement. Specifically, Plaintiff alleges that Defendant's Notice violates FDCPA sections 1692g and 1692e, as well as the FCCPA sections 559.72(7) and (9).

## III. CERTIFICATION OF THE SETTLEMENT CLASS IS APPROPRIATE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23

For settlement purposes, the parties jointly request that this Court certify the Settlement Class as defined in the Settlement Agreement. Because the certification of a class and settlement of the class representative's claims will ultimately bind absentee class members, there are constitutional due process implications which must be satisfied. Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 377-78, 116 S.Ct. 873, 134 L.Ed.2d 6 (1996)). Therefore, the trial court, must conduct a rigorous analysis to determine whether the elements of the class action requirements have been satisfied. Falcon, 457 U.S. 147, 160-61, 102 S. Ct. 2364, 2372, 72 L. Ed. 2d 740 (1982). When a trial court "certifies for class action settlement only, the moment of certification requires 'heightene[d] attention,' to the justifications for binding the class members ... because certification of a mandatory settlement class, however provisional technically, effectively concludes the proceeding save the final fairness hearing." Ortiz v. Fibreboard Corp., 527 U.S. 815, 848-49, 119 S.Ct. 2295, 144 L.Ed.2d 715 (1999) (citation omitted) (*quoting* Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 620, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).

Certification of the proposed Settlement Class will allow notice of the proposed Settlement to issue, thereby informing class members of the existence and terms of the proposed Settlement, of their right to be heard on its fairness, of their right to opt out, and of the date, time and place of the formal fairness hearing. *See* Manual for Compl. Lit., at §§ 21.632, 21.633. For purposes of this Settlement only, BMAK does not oppose class certification.

Class certification pursuant to Rule 23 requires that all four prerequisites to section (a) be satisfied and at least one prerequisite of section (b) be satisfied. The four elements that a party must show to satisfy to obtain class certification are:

(1) The members of the class are so numerous that separate joinder of each

5

member is impracticable [*numerosity*], (2) the claim or defense of the representative party raises questions of law or fact common to the questions of law or fact raised by the claim or defense of each member of the class [*commonality*], (3) the claim or defense of the representative party is typical of the claim or defense of each member of the class [*typicality*], and (4) the representative party can fairly and adequately protect and represent the interests of each member of the class [*adequacy*].

Fed. R. Civ. P. 23(a)(emphasis added).

In addition to Rule 23(a), Plaintiff also asserts that this case satisfies the requirements of Rule 23(b)(3), which provides in pertinent part:

> (3) the claim or defense is not maintainable under either subdivision (b)(1) or (b)(2), but the questions of law or fact common to the claim or defense of the representative party and the claim or defense of each member of the class predominate over any questions of law or fact affecting only individual members of the class, and class representation is superior to other available methods for the fair and efficient adjudication of the controversy.

(Emphasis added). Generally, courts view the Rule 23(b)(3) analysis in two parts: predominance and superiority.

Plaintiff's entire argument regarding class certification is set forth Plaintiff's Memorandum of Law in Support of Class Certification which was filed with this Court on December 11, 2015 [Doc. 27]. Because BMAK is not contesting class certification, the arguments set forth in Plaintiff's motion and memorandum on class certification stands unchallenged and fully supports the certification of the Settlement Class.

**IV. THIS SETTLEMENT FALLS WITHIN THE "RANGE OF REASONABLENESS" AS TO ITS FAIRNESS, ADEQUACY AND REASONABLENESS.**

Once the class has been found to meet the requirements for certification, the analysis turns to the terms of the proposed settlement. The purpose of preliminary evaluation of proposed class action settlements is to determine whether the settlement is within the "range of reasonableness" such that notice should be issued to the class. 4 Newberg § 11.26. Some of the factors that should be considered in making this determination include: (1) the complexity and

duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings; (4) the risk of establishing liability; (5) the risk of establishing damages; (6) the risk of maintaining a class action; (7) the ability of the defendant to withstand a greater judgment; (8) the reasonableness of the settlement in light of the best recovery; and (9) the range of reasonableness of the settlement in light of all the attendant risks of litigation. Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir.1984).

At this preliminary approval stage, this Court can readily determine that each of the Bennett fairness factors weighs in favor of preliminarily approving the terms of this Settlement. First, the Settlement was reached in the absence of collusion, and is instead the product of good-faith, informed and arm's length negotiations by competent counsel over the course of a full day of mediation and several additional negotiations. Second, this matter is being settled by counsel experienced in this type of litigation after discovery and class certification has been briefed.

Third, a preliminary review of the Bennett fairness factors, in light of the terms of the settlement, indicates that the terms of the Settlement appear to be fair, adequate and reasonable. Under the terms of the proposed Settlement, Settlement Class Members will receive a pro-rata share of the $6,000.00 Settlement Fund. Importantly, the FDCPA and FCCPA both limit statutory damages in class actions to "the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. § 1692k(a)(2)(B), Fla. Stat. § 559.77.

Here, the Defendant's net worth is approximately zero, according to discovery. As a result, the $6,000.00 provided to the Settlement Class under the Settlement is likely more than they would receive if this case had actually gone to trial. Therefore, the recovery to the Class should be considered reasonable such that notice should issue to the class.

Accordingly, this Court should find that the proposed Settlement appears to be within the

range of reasonableness such that notice should issue to the Settlement Class, a final Fairness Hearing should be scheduled, and the Settlement Class should be provisionally certified for settlement purposes.

## V. THE INCENTIVE AWARD FOR PLAINTIFF IS APPROPRIATE

Traditionally, class representatives are compensated for the time and effort in bringing the litigation on behalf of others through what is termed an "incentive award." Many courts have addressed incentive awards to class representatives as a means to encourage litigants to bring class litigation, which will further the public policy underlying the statutory scheme.

Incentive awards are not uncommon in class action litigation where, as here, a common fund has been created for the benefit of the class. Incentive awards compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation. Allapattah Servs., Inc. v. Exxon Corp., 454 F. Supp. 2d 1185, 1218-19 (S.D. Fla. 2006)(citing In re Southern Ohio Corr. Facility, 175 F.R.D. 270, 272-76 (S.D.Ohio 1997)). Incentive awards serve an important function, particularly where the named plaintiffs participated actively in the litigation. Id. (citing Denney v. Jenkens & Gilchrist, 230 F.R.D. 317, 2005 WL 388562, at *31 (S.D.N.Y. Feb.18, 2005)).

While the Eleventh Circuit has not expressly set forth guidelines for courts to use in determining incentive awards, there is ample precedent for awarding incentive compensation to class representatives at the conclusion of a successful class action. Allapattah Servs., 454 F. Supp. 2d at 1218-19. In fact, "'[c]ourts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation.'" Ingram v. Coca-Cola Co., 200 F.R.D. 685, 694 (N.D.Ga.2001)(quoting In re Southern Ohio Corr. Facility, 175 F.R.D. 270, 272 (S.D.Ohio

1997)(collecting cases)).

As stated above, the class representative in this matter, Joseph Ioime, has dedicated his time to represent the Settlement class in this matter. The proposed incentive award of $2,000 is well within the range of reasonableness and acts to compensate Mr. Ioime for his time representing the class in this matter. Accordingly the incentive award set forth in the Settlement Agreement should be approved.

## VI. PLAINTIFF'S ATTORNEY FEES AND EXPENSES

The proposed Settlement contemplates a payment of $28,000.00 in attorney fees and costs to Class Counsel. The fee and expense negotiations were conducted at arm's-length after an agreement for the class had been reached. Settlement agreements between plaintiffs and defendants in class actions are encouraged, particularly where the attorneys' fees are negotiated separately and only after material terms of the settlement have been agreed to between the Parties. See, Johnson v. Georgia Hwy. Express, Inc., 488 F.2d 714, 720 (5th Cir. 1974) ("in cases of this kind, we encourage counsel on both sides to utilize their best efforts to understandingly, sympathetically, and professionally arrive at a settlement as to attorney fees").

The amount agreed upon represents the time and expenses of the three law firms representing the class at their normal hourly rate. Such a modest fee is certainly within the range of reasonableness such that notice should be issued to the class. Given the reasonable amount of Attorney Fees agreed upon, this Court should find that the Attorney Fee segment of the Settlement Agreement also falls with the range of reasonableness to warrant granting of preliminary approval.

## VII. THE PROPOSED CLASS NOTICE SATISFIES DUE PROCESS

Notice is an integral part of Rule 23. Class actions under this subdivision are only

allowed when common questions of fact or law predominate and class-action treatment is thought to be superior to other available means of settling the controversy. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S. Ct. 652 (1950). Without the notice requirement, it would be constitutionally impermissible to give the judgment binding effect against the absent class members. Notice to the class must be given before entry of judgment in order to allow class members the opportunity to either participate in the proceedings, or to opt out of the proceedings. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 173-176 (1974) (notice and opportunity to opt out required by due process). Notice must be sent well before the merits of the case are adjudicated. Brown v. Colegio de Abrogados de Puerto Rico, 613 F.3d 44, 51 (1st Cir. 2010) (The purpose of the rule regarding notice for a class action is to ensure that the plaintiff class receives notice of the action well before the merits of the case are adjudicated.) The Eleventh Circuit's position on class notice in Rule 23(b)(3) certified class actions is one of strict adherence to due process. Cohen v. Office Depot, Inc., 204 F.3d 1069, 1078 (11th Cir. 2000) (holding that certification under Rule 23(b)(3) would require that the class members receive notice of the suit "well before the merits of it are adjudicated.") citing Schwarzschild v. Tse, 69 F.3d 293, 295 (9th Cir. 1995); See also Fed. R. Civ. P. 23(c)(2); 7B Wright, Miller & Kane.

Under Rule 23(c)(2)(B), the notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Exhibit C to the Settlement Agreement is a proposed class notice which the parties believe satisfies the requirements of Rule 23(c). Plaintiffs request that this Court approve the notice in the form of Exhibit C, and that this Court order notice be issued to the class upon preliminary approval.

## VII. CONCLUSION

For the reasons set forth above, this Court should enter the Proposed Preliminary Approval Order attached hereto as Exhibit 1 allowing notice to be issued to the class and taking this Settlement to the next stage or resolution.

Dated: March 1, 2016         **VARNELL & WARWICK, P.A.**

/s/ Brian W. Warwick
Brian W. Warwick (0605573)
Janet R. Varnell (0071072)
Steven Simmons (0091654)
P.O. Box 1870
Lady Lake, Florida 32158
Telephone: (325) 753-8600
E:*bwarwick@varnellandwarwick.com (primary)*
  *jvarnell@varnellandwarwick.com (primary)*
  *ssimmons@varnellandwarwick.com (primary)*
  *kstroly@varnellandwarwick.com (secondary)*

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of March, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

**PATRICK M. DELONG**
**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
100 NE Third Avenue, 11th Floor
Fort Lauderdale, FL 33301
PMDelong@mdwcg.com

                                              /s/ Brian W. Warwick
                                              **BRIAN W. WARWICK**