# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO. 5:15-cv-130-OC-30-PRL

JOSEPH IOIME, on behalf of himself
and all others similar situated,

      Plaintiff,

vs.

BLANCHARD, MERRIAM, ADEL
& KIRKLAND, P.A. a Florida Corporation,
And OCALA PALMS OPERATIONS, LLC,
A Florida Company,

      Defendants.

**[PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS
AND GRANTING PRELIMINARY APPROVAL
TO THE PROPOSED CLASS ACTION SETTLEMENT**

THIS CAUSE came before the Court on the Joint Motion filed by Plaintiff JOSEPH IOIME, on behalf of himself and all others similarly situated ("Plaintiff"), and Defendant, BLANCHARD, MERRIAM, ADEL & KIRKLAND, P.A., ("Blanchard"), (collectively, "the Parties") seeking an Order certifying a settlement class and preliminarily approving the terms of the proposed Class Action settlement between the parties.  The Court has reviewed the pleadings, court file and the submissions of the Parties, and is otherwise advised in the premises.  The Court will discuss the process involved and make findings of the facts and law as follows:

**THE CLASS SETTLEMENT APPROVAL PROCESS**

To certify a class action for settlement purposes, a court must first determine that all the requirements for class certification set forth in Federal Rule of Civil Procedure 23(a) and at least one of the requirements of subdivision of Rule 23(b), are satisfied.  See Amchem Products, Inc.

v. Windsor, 521 U.S. 591, 620-20 (1997). (explaining that a settlement class must satisfy the requirements of numerosity, commonality, typicality, and adequacy of representation, as well as predominance and superiority).

Once the Settlement Class is determined to meet the requirements for class certification pursuant to Rule 23, the Court's analysis turns to the terms of the proposed settlement. *See Manual for Complex Litigation*, Third, § 30.41, at 236-37 (1995).  The approval of a class action settlement as fair, adequate, and reasonable is a two-step process. Id. First, the Court must determine whether the proposed settlement terms fall within the range of reasonableness such preliminary approval is warranted.  Second, after notice is given to the class, the Court must evaluate whether final approval is warranted.  Id.

Courts may not approve class action settlements in reverse, by first determining that the settlement is fair, and thereby finding that certification is proper.  Amchem, 521 U.S. 591, 622 (1997). Accordingly, in granting preliminary approval, courts typically first certify the class for settlement purposes, and then consider the fairness of the settlement at the final hearing.  A court must conduct a "rigorous analysis" to determine whether the elements of class action requirements have been met when the parties seek certification of the class and approval of their settlements simultaneously.  Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 160-61, 102 S. Ct. 2364, 2372, 72 L. Ed. 2d 740 (1982).

The Court has considered the Joint Motion for Certification of Settlement Class and Preliminary Approval of Class Action Settlement ("Joint Motion"), Plaintiff's Motion for Class Certification, and the Class Action Settlement Agreement between the Parties ("Settlement Agreement"), as attached as Exhibit 1 to the Joint Motion.  Based on these arguments and

submissions, the Court hereby sets forth the following findings of fact and conclusions of law upon which this Order is based.

## I.   <u>FINDINGS OF FACT</u>

This class action involves a standardized, one-page debt collection communication, titled "Notice Under The Fair Debt Collection Practices Act." (hereinafter "Notice"). The Notice is a standardized form Notice accompanying all communications between Blanchard and the debtors it seeks to collect debts from.  The pertinent parts of the Notice provide:

<u>NOTICE UNDER THE FAIR DEBT COLLECTION
PRACTICES ACT (The Act)</u>
**15 U.S.C. 1601, et seq., As Amended**

As of December 1, 2014, you owe the total amount of $1,331.57, as set forth in the document to which this Notice is attached.

The name of the Creditor is:  Ocala Palms Operations, LLC.

The debt described in the document attached to this Notice will be assumed to be valid by the creditor's law firm unless the debtor or the debtor's attorney, within thirty (30) days of receipt of this notice, disputes, in <u>writing</u>, the validity of the debt or any portion thereof.
…

Written requests <u>required</u> by the Act should be addressed to:  BRADFORD J. TROPELLO, ESQUIRE, of the law firm of Blanchard, Merriam, Adel & Kirkland, P.A., Post Office Box 1869, Ocala, Florida 34478.

Plaintiff asserts that the Notice violates both the FDCPA and FCCPA because 15 U.S.C. § 1692g(a)(3) and state law set forth no limitation as to the manner in which a consumer can dispute the validity of the alleged debt.  However, in its Notice, Blanchard states that in order to dispute the validity of the debt, Plaintiff must notify the debt collector "in writing."  The Notice does not allow for any other methods of communication, such as a phone call, email or facsimile from the consumer to dispute the validity of the debt.  Plaintiff asserts that by requiring debtors

to dispute the validity of their debts "in writing," Blanchard has unlawfully attempted to curtail some of the debtors' rights, including those that are triggered when a consumer disputes the debt through oral statement.  Specifically, Plaintiff alleges that Blanchard's Notice violates FDCPA sections 1692g and 1692e, as well as the FCCPA sections 559.72(7) and (9).  Blanchard denies its Notice violates Sections 1692g and 1692e of the FDCPA or Sections 559.72(7) and (9) of the FCCPA.  Blanchard denies violating the law, but believes that class settlement provides a fair resolution to avoid protracted litigation and significant defense costs.

After Plaintiff filed his Motion for Class Certification and supporting evidence, but before this Court could rule on the motion, the parties voluntarily mediated this case and reached the proposed class action Settlement that is now before this Court.

## II.    CONCLUSIONS OF LAW REGARDING CLASS CERTIFICATION

Plaintiff filed his Motion for Class Certification on December 11, 2015.  For Settlement Purposes only, Defendant does not oppose certification.  Accordingly, the Court hereby certifies the following Settlement Class:

> All consumers located in Florida who were sent a Notice from BLANCHARD, MERRIAM, ADEL & KIRKLAND, P.A. in connection with an attempt to collect a consumer debt, where the Notice was substantially similar or materially identical to the Notice delivered to Plaintiff (Exhibit A attached to the Settlement Agreement), from March 17, 2013 through December 21, 2015.

### A.    Numerosity

The first prerequisite for class certification under Rule 1.220(a) is numerosity, which requires that members of the class be so numerous that "joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  The Class is so numerous that joinder of all members is impractical.  Id. The focus of this inquiry "is not whether the number of proposed class members is 'too few' to satisfy the Rule, but 'whether joinder of proposed class members is impractical.'"  Sharf v.

<u>Financial Asset Resolution</u>, *LLC*, 295 F.R.D. 664, 669 (S.D. Fla. January 16, 2014) (quoting

<u>Armstead v. Pingree</u>, 629 F.Supp. 273, 279 (M.D. Fla. 1986)).  The Rule does not establish a

precise numerical threshold, but parties seeking class certification "must make reasonable

estimates that the class to be certified will satisfy the numerosity requirement."  <u>Williams v.</u>

<u>Wells Fargo Bank, Nat'l Ass'n</u>, 280 F.R.D. 665, 672 (S.D. Fla. 2012).  The court may "make

common sense assumptions in order to find support for numerosity."  *<u>Evans v. United States</u>*

*<u>Pipe & Foundry</u>*, 696 F.2d 925, 930 (11th Cir. 1983).

Numerosity is satisfied on this record because joinder of approximately 219 recipients of

the collection letter in question would be impracticable.

### B.     <u>Commonality</u>

The Court finds that the commonality requirement is satisfied, for purposes of approving

the Settlement Agreement and certifying the Settlement Class, in that all members of the

Settlement Class received the same debt collection Notice from Blanchard.  There are questions

of fact or law common to the class, which include:

a.   Whether Blanchard violated the FDCPA by sending Notices in the form of
Exhibit A which circumvent the protections given to consumers by requiring
them to dispute the validity of their debts in writing;

b.   Whether Blanchard violated the FCCPA by sending Notices in the form of
Exhibit A which circumvent the protections given to consumers by requiring
them to dispute the validity of their debts in writing and which asserts a legal
right that Blanchard does not have; and

c.   Whether Plaintiff and Class members are entitled to declaratory and injunctive
relief;

      d.   Whether Plaintiff and the Class are entitled to statutory or actual damages under the FDCPA and/or the FCCPA.

To establish commonality in a FDCPA action, Plaintiff need merely allege that all class members received substantially similar Notices from Blanchard.  <u>Swanson v. Mid Am, Inc.</u>, 186 F.R.D. 665, 668 (M.D.Fla. 1999) ("To establish commonality, it is sufficient that plaintiff allege that all class members received the same collection letter.").

Accordingly, the Court finds that Plaintiff's and the Class' claims arise from a common course of conduct, and each share a common interest in determining whether the collection letter at issue violates the FDCPA.

## C.    <u>Typicality</u>

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that "the claims or defense of the representative parties [be] typical of the claims or defenses of the class." "Typicality … does not require identical claims or defenses."  <u>Kornberg v. Carnival Cruise Lines, Inc.</u>, 741 F.2d 1332, 1337 (11th Cir. 1984).  Rather, typicality "is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory."  <u>Id.</u>  Moreover, "[d]ifferences in the amount of damages between the class representative and other class members does not affect typicality." <u>Id.</u>

Here, the Notice Blanchard sent to Plaintiff is substantially similar to the Notices sent to the rest of the Class.  Each Notice requires that the recipient dispute his or her debt in writing, in alleged violation of the FDCPA and FCCPA.  The Plaintiff is typical of the class he seeks to represent as there is nothing peculiar about Plaintiff's situation that makes him different from other members of the class.  Accordingly, this Court finds that Plaintiff possesses the same legal

interest and has endured the same alleged legal injury as the other members of the class.  As a result, the typicality requirement of Rule 23(a) is also satisfied.

### D. <u>Adequacy</u>

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class."  "[T]his requirement applies to both the named plaintiff and counsel," and "the requirement's purpose is to protect the legal rights of absent class members."  <u>London v. Wal-Mart Stores</u>, 340 F.3d 1246, 1253 (11th Cir. 2003) (internal quotations omitted).  Additionally, this requirement is meant "to uncover conflicts of interest between named parties and the class they seek to represent."  <u>Id.</u>

Both prongs of the "adequacy" test are met here.    First, the Court finds that Plaintiff's Counsel has substantial experience in consumer class actions and is adequate to act as Counsel in this class action lawsuit.

Second, Plaintiff has shown that it is willing and able to take an active role as class representative on behalf of the class.  There has been no evidence submitted indicating that Plaintiff has any interests antagonistic to the class he seeks to represent.  Therefore, this Court finds that adequacy requirement under Rule 23(a)(4) is also met.

Accordingly, all of the prerequisites of Rule 23(a) have been established with regard to the proposed Settlement Class.  Now, this Court's analysis turns to whether the facts of this case also meet at least one of the requirements Rule 23(b).

### E. <u>Rule 1.220(b) Requirements</u>

The Court also finds that the requirements of Rule 23(b)(3) have also been satisfied, for the purposes of approving the Settlement Agreement and certifying the Settlement Class. The Supreme Court recently reiterated: "Rule 23(b)(3) ... does *not* require a plaintiff seeking class

certification to prove that each 'elemen[t] of [her] claims [is] susceptible to classwide proof,'" but that "common questions '*predominate* over any questions affecting only individual [class] members.'" Amgen Inc. v. Conn. Ret. Plans & Trust Funds, 133 S.Ct. 1184, 1196 (2013) (quoting Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2552 n.6 (2011)) (emphasis added). Accordingly, plaintiffs must make a "showing that *questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." Id. at 1191.

It is not necessary to illustrate that all questions of fact or law are common.  See Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc., 601 F.3d 1159, 1178 (11th Cir. 2010).  Rather, a showing that some questions are common, and that those questions predominate over individual questions is all that is necessary to meet the predominance inquiry. Sosa, 73 So. 3d at 112 (citing Klay v. Humana, Inc., 382 F.3d 1241, 1254 (11th Cir. 2004)).

A comparison of the Notices issued by Blanchard during the class period shows that the Notices sent to all class members are *identical* with respect to the standard statement that all disputes must be submitted in writing.  Accordingly, this Court finds that whether this language violates the FDCPA and FCCPA is the predominating issue in this case.  Therefore, the facts of this matter satisfy the predominance requirement of Rule 23(b)(3).

The superiority requirement of Rule 23 is also satisfied because a class action is superior to other available methods of resolving this matter.  The only alternative would be to have 219 individual actions which all address the same issue.  Under these facts, such an undertaking would be a tremendous waste of resources and would likely result in virtually no individual actions being filed.

Therefore, this Court finds that all the elements of Rule 23(a) and (b)(3) have been satisfied and certification of the Settlement Class is appropriate.

### III. <u>CONCLUSIONS OF LAW REGARDING THE FAIRNESS OF THE SETTLEMENT TERMS.</u>

When determining whether to grant preliminary approval to a class action settlement, trial courts typically first certify the class for settlement purposes, and then consider the fairness of the settlement. <u>4 Newberg on Class Actions,</u> § 11.26. The purpose of preliminary evaluation of proposed class action settlements is to determine whether the settlement is within the "range of reasonableness" such that notice should be issued to the class. <u>Id.</u>

To approve a class action settlement, the trial court must find that the agreement was fair, reasonable, and adequate. <u>Bennett v. Behring Corp.,</u> 737 F.2d 982, 986 (11th Cir.1984). The factors that should be considered in making this determination include: (1) the complexity and duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings; (4) the risk of establishing liability; (5) the risk of establishing damages; (6) the risk of maintaining a class action; (7) the ability of the defendant to withstand a greater judgment; (8) the reasonableness of the settlement in light of the best recovery; and (9) the range of reasonableness of the settlement in light of all the attendant risks of litigation. <u>Id.</u>

Under the terms of the proposed Settlement, Settlement Class Members will receive a pro-rata share of the $6,000.00 Settlement Fund. Importantly, the FDCPA limits statutory damages in class actions such as this case to "the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. § 1692k(a)(2)(B). The same statutory damage cap applies to the FCCPA. Here, Blanchard's net worth will render the recovery per class member smaller, but not so small as to destroy the superiority element. <u>See Hicks v. Client Services, Inc.,</u> 257 F.R.D. 699, 700 (S. D .Fla. 2009) (De minimus recovery of $1.24 did not destroy superiority).

Given that the net worth of Blanchard here is zero.  The recovery to the Class appears to be reasonable.  The class representative incentive award to Mr. Ioime appears to be reasonable in light of the time and effort expended by Mr. Ioime in representing the Settlement Class, and the Attorney Fees that the parties have negotiated to Class Counsel do not diminish the relief to the Settlement Class and appear to be reasonable for this type of case.  Therefore, the Court finds that the Settlement Agreement, when viewed in light of the <u>Bennett</u> factors, falls within the range of reasonableness such that Preliminary Approval of the Settlement terms is warranted, and Notice should be issued to the class.

Based on the above findings of fact and law, it is, therefore,

ORDERED:

1.  This action is certified, as set forth above pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).

2.  The Court hereby appoints the Joseph Ioime, as class representative of the Settlement Class, and appoints Brian W. Warwick, Esq., Janet R. Varnell, Esq. and Steven T. Simmons, Esq. of the law firm Varnell & Warwick, P.A. as Counsel for the Settlement Class.

3.  A Final Settlement Fairness Hearing shall be scheduled no less than 45 days after Notice has been issued to the Settlement Class, for the following purposes:

a.  to determine whether the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class, and whether the Settlement should be finally approved by the Court;

b.  to determine whether Final Judgment as provided under the Settlement Agreement should be entered dismissing the Complaint filed in the Action

with prejudice; and to determine whether releases should be provided to the Releasees as defined and set forth in the Settlement Agreement;

c.      to consider whether to award Class Counsel's fees and expenses as set forth in the Settlement Agreement; and

d.      to rule upon such other matters as the Court may deem appropriate.

4.      The Court approves the form, substance, and requirements of the Notice of Settlement (the "Notice") attached to the Parties' Joint Motion for Certification of Settlement Class and Preliminary Approval of Class Action Settlement.  Blanchard or its designated agent shall cause the Notice, substantially in the form attached to the Settlement to be emailed to the Settlement Class Members according to the terms of the Settlement Agreement.

5.      The form of the Notice, and method set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

6.      Class Counsel is authorized to represent and act on behalf of the Settlement Class with respect to all acts required by the Settlement Agreement or such other acts which are reasonably necessary to consummate the spirit of the proposed Settlement Agreement.

7.      All litigation, including discovery, other than further proceedings with respect to the Settlement, is stayed until further order of this Court.

8.      Any Settlement Class Member may opt out by utilizing the procedures outlined in the Notice.

9.      Any Settlement Class Member may appear and show cause why the proposed Settlement of the Action embodied in the Settlement Agreement should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon, or why the incentive award to the named Plaintiff should not be made, or why attorney fees inclusive of the expenses should not be awarded as provided in the Settlement Agreement; provided, however, that no Settlement Class Member or any other Person, shall be heard or entitled to contest the approval of the proposed Settlement, or, if approved, the Judgment to be entered thereon, unless on or before fourteen (14) days prior to the Fairness Hearing, that person has caused to be filed written objections in the manner and form outlined in the Settlement Agreement, stating all supporting bases and reasons with:

U.S. District Clerk
Golden-Collum Memorial Federal Building
& U.S. Courthouse
207 N.W. Second Street
Ocala, Florida 34475

and has served copies of all such papers at the same time upon the following by first-class mail, in accordance with the requirements of the Settlement Agreement:

**Class Counsel**

Brian W. Warwick
Varnell & Warwick, P.A.
P.O. Box 1870
Lady Lake, FL  32158

**Counsel for Blanchard**
**Patrick M. DeLong**
**Marshall Dennehey**
**100 NE 3rd Ave., 11th Floor**
**Ft. Lauderdale, FL 33301**

Attendance at the Settlement Fairness Hearing is not necessary in order for the objection to be considered by the Court; however, persons wishing to be heard orally in opposition to the approval of the Settlement are required to indicate in their written objection their intention to appear at the hearing. All written objections shall conform to the requirements of the Settlement Agreement and shall indicate the basis upon which the person submitting the objections claims to be a member of the Settlement Class and shall clearly identify any and all witnesses, documents and other evidence of any kind that are to be presented at the Settlement Fairness Hearing in connection with such objections and shall further set forth the substance of any testimony to be given by such witnesses.

Any Settlement Class Member who does not make his, her or its objection in the manner provided in the preceding paragraph of this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objections to the fairness, adequacy, or reasonableness of the Settlement.

DONE AND ORDERED in Chambers in Ocala, Florida this _____ day of _____, 2016.

_____
DISTRICT COURT JUDGE

Copies to:

Brian W. Warwick
Patrick M. DeLong