## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

JOSEPH IOIME, on behalf of himself
and others similarly situated,

      Plaintiff,

v.                                     Case No: 5:15-cv-130-Oc-30PRL

BLANCHARD, MERRIAM, ADEL &
KIRKLAND, P.A.,

      Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Class Certification (Doc. 27), which Defendant does not oppose, and the parties' Joint Motion for Preliminary Approval of Class Settlement (Doc. 41). The Court, having reviewed the motions, and being otherwise fully advised in the premises, concludes that the motions should be granted.

## BACKGROUND

This case arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55-.785. (Doc. 1). Plaintiff alleged that Defendant violated the FDCPA and FCCPA by (1) using standardized form letters to collect consumer debts that required consumers to dispute the validity of the debts in writing, (2) threatening legal action, such as the filing of claims of lien within a specified time period, which it did not intend to act

upon, (3) including conflicting amounts due on the standardized form letters, and (4) attempting to collect unauthorized processing fees.  (Doc. 1).

Based on these violations of the FDCPA and FCCPA, Plaintiff filed a four-count class action complaint against Defendant on March 17, 2015.[1]  (Doc. 1).  Defendant filed its answer on June 11, 2015.  (Doc. 16).  On December 11, 2015, Plaintiff moved to certify the case as a class action.  (Doc. 27).  Subsequently, the parties agreed to a settlement and have submitted a proposed class action settlement agreement ("Settlement Agreement") to the Court for preliminary approval.  (Doc. 41, Ex. 1).

## DISCUSSION

## I. CLASS CERTIFICATION

### A. Standard of Review

A district court is vested with broad discretion in determining whether to certify a class. *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1569 (11th Cir. 1992).  But the party seeking to maintain a class action must demonstrate that the putative class meets the requirements of Federal Rule of Civil Procedure 23.  *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013).  First, the party must demonstrate the prerequisites articulated in Rule 23(a), which include establishing the following:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

---

[1] Ocala Palms Operations, LLC was originally named as a defendant as well but was voluntarily dismissed from the action by Plaintiff.  (Docs. 1, 22, 23).

(4) the representative parties will fairly and adequately protect the interests
of the class.

Generally, these requirements are referred to as "numerosity, commonality, typicality, and

adequacy of representation." *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181,

1188 (11th Cir. 2003) (internal quotation marks omitted).

Once the party seeking class certification meets all of Rule 23(a)'s requirements,

the party must then satisfy one of Rule 23(b)'s requirements. *Id.* Here, Plaintiff seeks

certification pursuant to Rule 23(b)(3), which provides for class certification if

the court finds that the questions of law or fact common to class members
predominate over any questions affecting only individual members, and that
a class action is superior to other available methods for fairly and efficiently
adjudicating the controversy. The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the
prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy
already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of
the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

In determining whether the requirements of Rule 23 have been satisfied, the Court may

take into account a proposed settlement. *See Amchem Prods., Inc. v. Windsor*, 521 U.S.

591, 619-20 (1997).

**B. Analysis**

**1. Whether Plaintiff has satisfied the threshold requirements.**

Before the Court considers the Rule 23 requirements, Plaintiff must first meet a

threshold requirement not expressly articulated, but implicit, in the Rule 23 analysis: that

3

is, the plaintiff must demonstrate that the proposed class is "adequately defined and clearly ascertainable." *Bussey v. Macon Cnty. Greyhound Park, Inc.*, 562 F. App'x 782, 787 (11th Cir. 2014) (quoting *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012)). "An identifiable class exists if its members can be ascertained by reference to objective criteria." *Bussey*, 562 F. App'x at 787 (internal quotation marks omitted).  The analysis of the objective criteria also should be administratively feasible.  *Id.*  "Administrative feasibility means that identifying class members is a manageable process that does not require much, if any, individual inquiry."  *Id.* (internal quotation marks omitted).

Plaintiff has satisfied the threshold requirement of demonstrating a class that is "adequately defined and clearly ascertainable."  *Id.*  Specifically, Plaintiff seeks certification of the following class:

> All consumers located in Florida who were sent a Notice from [Defendant] in connection with an attempt to collect a consumer debt, where the Notice was substantially similar or materially identical to the Notice delivered to Plaintiff (Exhibit A attached hereto), from March 17, 2013 through December 21, 2015.

(Doc. 41, Ex. 1 at 4-5).  Such class is readily identifiable and passes muster under an administrative feasibility analysis.  Plaintiff has therefore surmounted the first hurdle in demonstrating that class certification is appropriate.

## 2.  Whether Plaintiff has satisfied the requirements of Rule 23(a).

### i.  Numerosity

Numerosity requires that the class be "so numerous that joinder of all the members is impractical."  Fed. R. Civ. P. 23(a)(1).  Although there exists no precise numerical threshold to determine whether numerosity has been satisfied, generally, a class of less than

twenty-one members is inadequate and a class of greater that forty members is adequate. *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1267 (11th Cir. 2009) (citing *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986)).  In Defendant's responses to Plaintiff's interrogatories, Defendant responded that it sent between 250 and 1,000 notices similar to the notice received by Plaintiff in the past two years.  (Doc. 27, Ex. B).  And, according to the Settlement Agreement, there are approximately 219 class members.  (Doc. 41, Ex. 1 at 7).  Joinder of 219 class members would be impractical.  Accordingly, the requirement of numerosity has been satisfied.

### ii. Commonality

Commonality demands that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).  The commonality requirement is a "relatively light burden" and "'does not require that all the questions of law and fact raised by the dispute be common' . . . or that the common questions of law or fact 'predominate' over individualized issues." *Vega*, 564 F.3d at 1268 (quoting *Cox*, 784 F.2d at 1557).  Rather, commonality requires that there be at least one issue whose resolution will affect all or a significant number of the putative class members.  *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009).  Commonality may be demonstrated by proof that the defendant operated under a general policy that manifested itself in the alleged illegal practices affecting the class members in the same general fashion.  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2553 (2009).

Common issues of law and fact exist in the present case, including (1) whether Defendant violated the FDCPA by sending notices similar to that received by Plaintiff

(Doc. 41, Ex. 1-A) requiring consumers to contest their debts in writing, (2) whether Defendant violated the FCCPA by sending notices similar to that received by Plaintiff (Doc. 41, Ex. 1-A) requiring consumers to contest their debts in writing, and (3) the remedies to which Plaintiff and members of the class are entitled.  Because the notices at issue are standardized forms used by Defendant in attempting to collect consumer debts, these issues can likely be resolved without individualized factual or legal inquiries.  The commonality requirement has been satisfied.

### iii. Typicality

Typicality requires that "the claims or defense of the representative parties [be] typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  In other words, the "class representative must possess the same interest and suffer the same injury as the class members." *Vega*, 564 F.3d at 1275.  Like commonality, typicality is not a demanding test. *See In re Disposable Contact Lens Antitrust Litig.*, 170 F.R.D. 524, 532 (M.D. Fla. 1996).

Plaintiff's claims are typical of those of the putative class.  Plaintiff received the same, or a substantially similar notice, to those received by the putative class.  (Doc. 27, Ex. C).  Additionally, Plaintiff's theory of relief is based upon the same legal argument as the putative class.  The typicality requirement has been met.

### iv. Adequacy of Representation

Adequacy of representation requires that "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  This requirement "encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist

between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1323 (11th Cir. 2008) (internal quotation marks omitted).

Here, Defendant's conduct toward Plaintiff and the putative class members was identical—the sending of the notice.  Thus, no inherent conflict exists.  No further evidence suggests that Plaintiff has any interests antagonistic to the class he seeks to represent. Additionally, Plaintiff's counsel has provided an affidavit detailing his extensive experience in litigating class actions.  (Doc. 27, Ex. D).  Accordingly, Plaintiff and Plaintiff's counsel have satisfied the requirement of adequacy of representation.

### 3.  Whether Plaintiff has satisfied the requirements of Rule 23(b).

Pursuant to Rule 23(b)(3), a class action may be maintained if

the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

### i.  Predominance

"Under Rule 23(b)(3) it is not necessary that all questions of law or fact be common, but only that some questions are common and that they predominate over the individual questions." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1254 (11th Cir. 2004), *abrogated in part on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008) (internal quotation marks omitted).  Issues requiring generalized proof should predominate over the issues requiring individualized proof.  *Kerr v. City of W. Palm Beach*, 875 F.2d 1546, 1558 (11th Cir. 1989).  In essence, the Court must determine "'whether there are common liability issues which may be resolved efficiently on a class-wide basis.'"  *Drossin v. Nat'l*

*Action Fin. Servs., Inc.*, 255 F.R.D. 608, 616 (S.D. Fla. 2009) (quoting *Brown v. SCI Funeral Servs. of Fla.*, 212 F.R.D. 602, 606 (S.D. Fla. 2003)).

Here, predominance is established because Defendant admits that it sent the same notice Plaintiff received to approximately 219 consumers to collect a consumer debt. (Doc. 41, Ex. A). The notices were standardized. (Doc. 27, Ex. C). Because Defendant's conduct was standardized in nature, a general determination can be made as to whether the FDCPA and FCCPA were violated. *See Fuller v. Becker & Poliakoff, P.A.*, 197 F.R.D. 697 (M.D. Fla. 2000) (certifying a class involving 200 debt collection letters that allegedly violated the FDCPA and FCCPA). The predominance requirement has been met.

### ii. Superiority

Rule 23(b)(3) sets out four specific considerations pertinent to determining whether a class action is a superior to other forms of action:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Here, given the large number of potential claims, the limited statutory damages to which each claimant would be entitled, the need for consistent litigation, and the unlikely interest each class member would have in individually controlling the litigation, a class action would be superior to other forms of action in this case. Difficulties with managing

the class are likely to be nonexistent or limited.  Thus, the superiority requirement has been met.

### 4. Conclusion

Because Plaintiff has satisfied the threshold requirement and the requirements of Rule 23(a) and (b), the Court certifies the putative class.

## II.  PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

A class action settlement should be approved so long as it is "fair, adequate and reasonable and is not the product of collusion between the parties." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984) (internal quotation marks omitted).  The Eleventh Circuit has identified the following factors as relevant in determining whether a class settlement's terms are fair, reasonable, and adequate:

> (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

*Id.*

These factors weigh in favor of approval of the proposed settlement in the present case.  This is not a complex case.  Plaintiff would have been likely to succeed at trial but his damages would have been limited.  Under the terms of the proposed settlement, class members will receive a pro-rata share of the $6,000 settlement fund.  Settlement was achieved at relatively early stage of the case, and no opposition has been raised as of yet.  Considering the totality of the circumstances, the Court preliminary approves the class settlement.

## CONCLUSION

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.  Plaintiff's Motion for Class Certification (Doc. 27) is GRANTED.

2.  The Court certifies a class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) consisting of:

> All consumers located in Florida who were sent a Collection Letter from BLANCHARD, MERRIAM, ADEL & KIRKLAND, P.A. in connection with an attempt to collect a consumer debt, where the Collection Letter was substantially similar or materially identical to the Collection Letter delivered to Plaintiff (Exhibit A attached hereto), from March 17, 2013 through December 21, 2015.

3.  Joseph Iomie is appointed as class representative.

4.  Brian W. Warwick, Esq. is appointed as class counsel pursuant to Federal Rule of Civil Procedure 23(g).

5.  The parties' Joint Motion for Preliminary Approval of Class Settlement (Doc. 41) is GRANTED.

6.  The Court GRANTS preliminary approval to the proposed class settlement (Doc. 41, Ex. 1-A), as the Court concludes that the proposed settlement is fair, reasonable, and adequate, subject to further consideration at a Final Fairness Hearing.

## NOTICE TO POTENTIAL CLASS MEMBERS

7.  The form of notice provided in the parties' Joint Motion for Preliminary Approval of Class Action Settlement (Doc. 41, Exs. 1-B, 1-C) is APPROVED.  While the inclusion of a fair and accurate Spanish translation of the notice is not required, if the class representative decides to include such translation with the notice, he may do so without further leave of the Court.

8.  Defendant or its designated agent shall arrange to have this notice (Doc. 41, Exs. 1-B, 1-C) sent to all class members within thirty (30) days of the date of this Order as set out in the Settlement Agreement (Doc. 41, Ex. 1).

9.  The form of the notice (Doc. 41, Exs. 1-B, 1-C), and method set forth herein of notifying the class members of the settlement and its terms and conditions, meet the requirements of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

10.  Brian W. Warwick, Esq., is authorized to represent and act on behalf of class members with respect to all acts required by the Settlement Agreement or such other acts which are reasonably necessary to consummate the spirit of the proposed Settlement Agreement.

11.  All litigation, including discovery, other than further proceedings with respect to the Settlement Agreement, is STAYED until further order of this Court.

12.  Any class member may opt out of the settlement by utilizing the procedures outlined in the notice (Doc. 41, Exs. 1-B, 1-C).

13.  Any class member may appear and show cause why the proposed settlement as embodied in the Settlement Agreement should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon, or why the incentive award to the named Plaintiff should not be made, or why attorney's fees inclusive of the expenses should not be awarded as provided in the Settlement Agreement; provided, however, that no class member or any other person, shall be heard or entitled to contest the

approval of the proposed settlement, or, if approved, the judgment to be entered thereon, unless on or before fourteen (14) days prior to the Final Fairness Hearing, that person has caused to be filed written objections in the manner and form outlined in the Settlement Agreement, stating all supporting bases and reasons with:

U.S. District Clerk
Golden-Collum Memorial Federal Building
& U.S. Courthouse
207 N.W. Second Street
Ocala, Florida 34475

AND has served copies of all such papers at the same time upon the following by first-class mail, in accordance with the requirements of the Settlement Agreement:

**Class Counsel**

Brian W. Warwick
Varnell & Warwick, P.A.
P.O. Box 1870
Lady Lake, FL  32158

**Counsel for Blanchard**

Patrick M. DeLong
Marshall Dennehey
100 NE 3rd Ave., 11th Floor
Ft. Lauderdale, FL 33301

14.  A Final Fairness Hearing is scheduled for **FRIDAY, MAY 13, 2016, AT 3:00 P.M.**, before the Honorable James S. Moody, Jr., at the U. S. Courthouse, 207 N.W. Second Street, OCALA, Florida  34475, Courtroom #3A, for the following purposes:

A.  to determine whether the proposed settlement is fair, reasonable, adequate, and in the best interests of the class members, and whether the settlement should be finally approved by the Court;

B.  to determine whether final judgment as provided under the Settlement Agreement should be entered dismissing the complaint with prejudice; and to determine whether releases should be provided to the Releasees as defined and set forth in the Settlement Agreement;

C.  to consider whether to award class counsel's fees and expenses as set forth in the Settlement Agreement; and

D.  to rule upon such other matters as the Court may deem appropriate.

15.  Any class member may attend the Final Fairness Hearing, which is open to the public.

16.  Attendance at the Final Fairness Hearing is not necessary in order for an objection to be considered by the Court; however, any person who wishes to be heard orally in opposition to the approval of the settlement are required to indicate in his or her written objection his or her intention to appear at the hearing.  All written objections shall conform to the requirements of the Settlement Agreement and shall indicate the basis upon which the person submitting the objections claims to be a member of the class and shall clearly identify any and all witnesses, documents, and other evidence of any kind that are to be presented at the Final Fairness Hearing in connection with such objections and shall further set forth the substance of any testimony to be given by such witnesses.

13

17.   Any class member who does not make his or her objection in the manner provided in the preceding paragraphs of this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objections to the fairness, adequacy, or reasonableness of the settlement.

18.   The parties shall have until **<u>FRIDAY, MAY 27, 2016</u>**, to file a motion for approval of the settlement.

**DONE** and **ORDERED** in Tampa, Florida, this 3rd day of March, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record
Mari Jo Taylor, CRD, Ocala