# EXHIBIT 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOSEPH IOIME, on behalf of himself
And all others similarly situated,

        Plaintiff,

v.                                    Case No.: 5:15-cv-130-OC-30-PRL

BLANCHARD, MERRIAM, ADEL &
KIRKLAND, P.A., et al.,

        Defendants.
_____/

**[AGREED] ORDER
GRANTING FINAL APPROVAL TO
<u>PROPOSED CLASS ACTION SETTLEMENT</u>**

THIS CAUSE came before the Court on May 13, 2016, on the Joint Motion filed by Plaintiff Joseph Ioime, on behalf of himself and all others similarly situated ("IOIME" or "Plaintiff") and Defendant Blanchard, Merriam, Adel & Kirkland, P.A., ("BMAK" or "Defendant") (collectively, "the Parties") seeking an Order finally approving the class action Settlement Agreement between the parties. The Court has reviewed the filings of the parties in support of final approval, considered the discussion of counsel, and is otherwise advised in the premises. The Court will discuss the process involved and make the following findings of the facts and conclusions of law regarding Final Approval of this proposed class action Settlement Agreement:

**I.    <u>FINDINGS OF FACT</u>**

This class action involves a standardized, one-page debt collection communication, titled "Notice Under The Fair Debt Collection Practices Act." (hereinafter "Notice"). The Notice is a standardized form Notice accompanying communications between BMAK LAW FIRM and the

debtors it seeks to collect from. The pertinent part of the Notice requires the debtor to dispute the debt "in writing." Plaintiff asserts that the Notice violates both the FDCPA and FCCPA because neither statute limits the manner in which a consumer can dispute the validity of an alleged debt. Plaintiff asserts that by requiring debtors to dispute the validity of their debts "in writing," BMAK unlawfully attempted to curtail some of the debtors' rights, including those that are triggered when a consumer disputes the debt through oral statement. Specifically, Plaintiff alleges that Defendant's Notice violates FDCPA sections 1692g and 1692e, as well as the FCCPA sections 559.72(7) and (9).

Notice was issued to all members of the Settlement Class pursuant to this Court's Preliminary Approval Order as stated in the Affidavit of the Settlement Administrator filed with Plaintiff's Memorandum of Law. As of the deadline for filing objections and opt outs as set forth in the Settlement Agreement, no class members have opted out of the Settlement and no class members have objected to the terms of the Settlement.

## II. CONCLUSIONS OF LAW REGARDING THE FAIRNESS OF THE SETTLEMENT TERMS.

To approve a class action settlement, the trial court must find that the agreement was fair, reasonable, and adequate. The factors that should be considered in making this determination include: (1) the complexity and duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings; (4) the risk of establishing liability; (5) the risk of establishing damages; (6) the risk of maintaining a class action; (7) the ability of the defendant to withstand a greater judgment; (8) the reasonableness of the settlement in light of the best recovery; and (9) the range of reasonableness of the settlement in light of all the attendant risks of litigation. Id. (*citing* Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir.1984)).

2

In determining the adequacy of the proposed Settlement, the Court need not and does not decide the merits of the case. This Court has considered the submissions of the parties, which demonstrates a degree of uncertainty in the Representative Plaintiff recovering on his claims. The Settlement provides a significant benefit to all Class Members. Given the statutory limitation on damages and BMAK's assertion that it has a negative net worth, this Court finds that there are factual and legal obstacles standing in the way of a higher recovery if this case were litigated to a conclusion. Furthermore, the perils of maintaining an action through a final judgment or appeal would be complex, lengthy, and expensive. The Settlement eliminates a substantial risk that the Class Members would walk away empty handed after trial.

Further, the Defendant has denied liability and has indicated that it would continue to do so, absent settlement. Because of resulting motion practice, discovery, trial, and appeals, it could be a lengthy period before the Class Members would see any recovery even if they were to prevail on the merits, which would not necessarily produce a better recovery than they may have achieved in the Settlement.

The parties negotiated the Settlement after a thorough review and analysis of the legal issues involved and a full day mediation. The facts and representations of counsel demonstrate that the Representative Plaintiff was sufficiently informed to negotiate, execute, and recommend approval of the Settlement. See, e.g., Davies v. Continental Bk., 122 F.R.D. 475, 479-80 (E.D. Pa.1996).

This Court may also consider the opinions of the participants, including Class Counsel. Parker v. Anderson, 667 F. 2d 1204, 1209 (5th Cir. 1984), cert. denied, 459 U.S. 828 (1985). Class Counsel has adequate experience in the prosecution of large and complex consumer class actions. Counsel for the Defendant BMAK, is likewise adequately experienced. This Court

gives credence to the opinion of counsel, amply supported by the Court's independent review, that the Settlement is a beneficial resolution of the class action claims.

In addition to finding that the terms of the proposed Settlement are fair, reasonable, and adequate, the Court must also determine there is no fraud or collusion between the parties or their counsel negotiating the settlement terms. Bennett, 737 F.2d 986; Miller v. Republic National Life Ins. Co., 559 F.2d 426, 428-29 (5th Cir. 1977). In this case, there is no suggestion of fraud or collusion between the parties. Furthermore, the terms of the Settlement make it clear that the process by which the settlement was achieved (mediation) was fair. Miller, 559 F.2d at 429.

Accordingly, the terms of the Settlement Agreement, including all exhibits thereto, are fully and finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Representative Plaintiff and the Class Members.

At the time of the Final Fairness Hearing, 36 of the approximately 275 Settlement Class Members filed claims against the Six Thousand Dollar ($6,000) Settlement Fund. Pro-rated for each claiming Class Member, each is due to receive approximately One Hundred Sixty-Six Dollars ($166.00). Even if this number increases as additional claims are made, the relief to the class is fair and reasonable under the statutory damages caps imposed under the FDCPA and the FCCPA.

In addition, the parties negotiated and through the Settlement Agreement agreed that BMAK shall pay Twenty-Eight Thousand Dollars and Zero Cents ($28,000.00) ("Attorney's Fees Award") for Class Counsel's fees and litigation costs. This Court finds that the stipulated Attorney's Fees Award to Class Counsel is fair and reasonable compensation to Class Counsel as below the Lodestar calculation for the time spent in this matter.

4

The parties agreed that the Representative Plaintiff, in addition to his recovery as a Member of the Class, will receive an incentive award of Two Thousand Dollars and Zero Cents ($2,000.00) ("Incentive Award") for his efforts in obtaining the above described benefits to the Class. The Court finds that such an award is reasonable and appropriate in light of the results obtained at this early phase of the litigation.

Based on the foregoing, it is ORDERED and ADJUDGED that:

1. The Settlement Agreement is hereby APPROVED, RATIFIED, and ADOPTED as an Order of this Court. The parties are ordered and directed to comply with the terms and provisions of the Settlement Agreement.

2. Without limiting any term of the Settlement Agreement, including the release of claims in full in the Settlement Agreement, it is hereby ordered and adjudged that the terms of the Settlement Agreement and of this Final Order and Judgment shall forever be binding upon, and shall have *res judicata* and preclusive effect, in any and all pending and future lawsuits maintained by the Representative Plaintiff and any and all other Class Members, as well as their heirs, executors, administrators, successors and assigns.

3. The Settlement Administrator shall disburse the Settlement Proceeds to the Class Members in accordance with the provisions of the Settlement Agreement.

4. In accordance with the Settlement Agreement, BMAK shall remit the Attorney's Fees Award and the Incentive Award to the named Plaintiff as provided for in the Settlement Agreement.

5. The Court RETAINS jurisdiction over all matters related to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement and Final Order and Judgment.

6. The entire captioned action is hereby DISMISSED with PREJUDICE and Final Order and Judgment is hereby ENTERED.

DONE AND ORDERED in Chambers in Tampa, Florida this _____ day of _____, 2016.

_____
Honorable James S. Moody, Jr.
UNITED STATES DISTRICT COURT JUDGE

Copies to:

Brian W. Warwick

Patrick M. Delong